GRIFFIN v. THE COUNTY OF GRUNDY, *et al.*

1. MISJOINDER OF PARTIES. Two parties liable on the same obligation, one as the maker and the other as the guarantor of the payment of the same, can not, when the contract of guaranty is by a separate instrument, be joined as parties defendant, in an action to recover the amount due thereon.
2. Section 1681, Code of 1851, cited and construed.

*Appeal from Johnson District Court.*

SATURDAY, DECEMBER 24.

*L. Robinson* and *H. D. McKay* for the appellant.

*Clarke & Davis* for the appellee.

STOCKTON, J. — The cause of action is stated as follows: That on the 28th January, 1857, the county of Grundy, by the county judge of said county, executed and delivered to one Sandford Baldwin, a warrant on the county treasury of said Grundy county, for the sum of one hundred dollars, payable to said 'Baldwin or order; that said warrant was afterwards, by the said Baldwin, assigned and made payable to said defendant, Seymour, or bearer, and that said Seymour being desirous to negotiate the said warrant, in consideration of the premises, guarantied the payment thereof by an instrument of writing as follows:

"I guarantee the payment of a certain Grundy county scrip, when due and presented at, or to the county treasurer of the said county of Grundy for the amount of face and interest; the said scrip dated January 28, 1857, of one hundred dollars and drawing interest from February 2, 1857, till paid. Dated, Iowa City, September 21, 1857.

E. W. SEYMOUR.

It is further averred that the warrant was on the 2d day of August, 1858, duly presented to the treasurer of Grundy county and payment thereof demanded and refused. There was a demurrer to the petition for the reason that there was

a misjoinder of parties, and of causes of action.  This de-murrer we think was properly sustained by the District Court.  The liability of the county was on the warrant, and that of defendant Seymour, if he was liable at all, was on the guaranty.  This guaranty it appears was a separate instrument of writing, and the cause does not come within the meaning or spirit of the section of the Code which pro-vides that persons severally liable on the same instrument, may all or any of them be joined in the same action.  Code section 1681.

There was no such common or joint liability as that both the present defendants could be joined in one action, and their several liability did not arise on the same instrument. The judgment of the District Court will therefore be affirmed.

Judgment affirmed.