## COGSWELL v. MURPHY ET AL.

1. **Practice**: PLEADING: MISJOINDER. A joint action for trespass and damage by stock cannot be maintained against the several owners of the stock.

2. ———: MISJOINDER OF PARTIES. Advantage may be taken of a misjoinder of parties by answer and by motion in arrest of judgment.

*Appeal from Franklin Circuit Court.*

FRIDAY, APRIL 20.

ACTION against the defendants jointly for trespass and damage caused by their cattle. The answer consisted of a general denial, that there was a misjoinder of parties, and that the stock act was unconstitutional.

There was a trial by the court, and judgment rendered against' the defendants, Murphy and Clemons, jointly, for fifteen dollars, and against the defendant, Kearney, for five dollars, and the defendants appeal.

The court gave the certificate required by law.

*Scales & Cassidy*, for appellants.

No appearance for appellee.

SEEVERS, J.—It is shown that Murphy and Clemons jointly owned a part of the stock, and Clemons individually owned another portion, and the defendant Kearney still another portion, while the residue was owned by one Moreland. The defendants, Murphy and Clemons, herded their cattle at their joint expense, and Kearney's cattle were permitted to run in the herd of said Murphy and Clemons, without any express agreement or consideration and for accommodation only. At the conclusion of the evidence the defendants moved in arrest of judgment, on the ground "that the evidence showed that defendants were improperly joined in this action."

1. PRACTICE: pleading: misjoinder.

The misjoinder was not only of causes of action but of

Cogswell v. Murphy.

parties also, and, therefore, Sec. 2632 of the Code, providing that when there is a misjoinder of causes of action, a motion to strike out of the petition any cause or causes is the proper mode of reaching the defect, does not apply. Consequently, as there was no such motion, it cannot be said there has been a waiver of the objection as provided in Sec. 2633.

We think this must be true, for the reason that the causes of action referred to in the chapter of the Code in which the foregoing sections are contained, are " causes of action of whatever kind when each may be prosecuted by the same kind of proceedings, provided, that they be by the same party, and against the same party in the same rights. Code, Sec. 2630.

The action in the present case is not against the same party, but against three separate and distinct parties. If the petition had stated the matters shown by the evidence the defendants should have demurred, on the ground that the facts stated in the petition did not entitle the plaintiff to the relief demanded. Code, Sec. 2648.

It was held in *Hinkle v. Davenport*, 38 Iowa, 355, that a joint action for slander could not be maintained, and the same must be true in the present case.

As the facts shown by the evidence were not stated in the petition, the proper mode of raising the objection was by answer; failing to do so the objection should be deemed waived. Code, Sec. 2650.

The objection that there was a misjoinder of parties was sufficiently raised in the answer, and also by motion to arrest 2. ———: misjoinder of parties. the judgment. Upon filing the latter we see no reason, as at present advised, why the plaintiff could not have dismissed his action against all the defendants except such as were jointly liable, and have had judgment in his favor against such. Code, Secs. 2650, 2842, 2843.

Under the pleadings and evidence the court erred in rendering separate judgments against the defendants. The plaintiff was entitled to a joint judgment or nothing.

Although what has been said reverses the judgment below, still, as there must be a re-trial, we ordinarily would pass upon the remaining questions in the case, but as this involves a

grave constitutional question we feel unwilling to do so in the absence of an argument by counsel in favor of the constitutionality of the law. Beside this, we doubt whether the record sufficiently presents such question for determination.

REVERSED.