### MENDENHALL v. WILSON ET AL.

1. **Practice**: MISJOINDER: ACTIONS AGAINST DIFFERENT DEFENDANTS. An action for trespass against two defendants cannot be joined with an action on contract against one defendant alone.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, OCTOBER 20.

THE plaintiff brought this action to recover of the defendants, *First,* for an alleged violation of an oral lease of certain real estate, and *Second,* for an alleged trespass in entering the premises of the plaintiff, and removing goods therefrom. Issue having been joined, there was a trial by jury, and a verdict for the plaintiff upon the cause of action for breach of contract of lease in the sum of $150, against defendant E. A. Wilson alone. Upon the cause of action for trespass there

was a verdict against both defendants in the sum of $25. Judgments were rendered upon the verdicts. Defendants appeal.

*John F. Lacey*, for appellants.

No appearance for appellee.

Rothrock, J.—The defendants averred in their answer that E. M. Wilson had nothing to do with any of the matters in controversy in the action, and that he was improperly joined with his co-defendant. There was no evidence introduced tending to prove that he was liable jointly with his co-defendant for the alleged trespass. The defendants, in addition to raising the question of misjoinder of parties defendant and causes of action in the answer, asked the court to instruct the jury that there could be no recovery because of the misjoinder, and that the plaintiff having failed to elect upon which of the causes of action he would proceed, the jury were not at liberty to make such election for him. A motion in arrest of judgment also raised the same question.

*1. PRACTICE: misjoinder: actions against different defendants.*

The instruction asked by defendants should have been given, or the motion in arrest of judgment should have been sustained. That there was a misjoinder can admit of no question. The case is squarely within the rule laid down in *Cogswell v. Murphy et al.*, 46 Iowa, 44; and see *Bort and Baldwin v. Yaw*, Id., 323. The judgments must be reversed and the cause remanded for a new trial.

REVERSED.