IOWA LILLOOET GOLD MIN. CO., Limited, v. BLISS et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. March 29, 1906.)

No. 192.

1. COURTS—FEDERAL COURTS—JURISDICTION—JUDICIARY ACT—CONSTRUCTION.

Act March 3, 1887, c. 373, § 1, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508], confers jurisdiction on the Circuit Courts of the United States of all suits of a civil nature, wherein the requisite amount is involved, and in which there shall be a controversy between citizens of different states and citizens of a state and foreign states, citizens, or subjects. The second part of the section provides that no civil suit shall be so brought in any other district than that whereof the defendant is an inhabitant. but that, when jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. *Held*, that the jurisdiction of the Circuit Courts is conferred by the first part of the section, which cannot be affected by the consent of the parties, and that the second part of the section relates merely to the place where the jurisdiction shall be exercised, and is a mere personal exemption granted to the defendant, which he is authorized to waive.

2. APPEARANCE—EFFECT—PLACE OF SUIT—WAIVER.

Where a defendant, sued in a Circuit Court of the United States in a district other than that of his residence, appears generally, without claiming the benefit of his privilege to be sued in the district of his residence, he thereby waives his exemption.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appearance, §§ 79–82.

Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192.]

3. REMOVAL OF CAUSES—CONSENT OF PLAINTIFF.

Where an alien brought suit in a state court against a nonresident corporation, plaintiff thereby voluntarily submitted his person to the jurisdiction of any court sitting in that state having jurisdiction of the subject-matter, so that, the action being otherwise removable to the federal courts sitting in such state, it was removable by defendant without plaintiff's consent.

4. SAME—SEPARABLE CONTROVERSIES—LIABILITIES ON DIFFERENT GROUNDS.

Where plaintiff, an alien, sued defendant guaranty company, a nonresident corporation, on a fidelity bond, in which the only obligation of the principal was to hold the guaranty company harmless from any liability on the bond, and in the same action plaintiff sought to hold the principal liable

for the embezzlement for which action was brought on the bond, the controversy between plaintiff and the guaranty company was separable from that between it and the principal on the bond, and removable to the federal courts, regardless of the citizenship of the principal, who was a resident of the state where the action was brought.

[Ed. Notes.—Removal of causes—Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

5. PARTIES—JOINDER—STATE STATUTES.

Code Iowa 1897, § 3462, provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action, except as otherwise expressly provided, and section 3545 declares that causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party and against the same party in the same right, may be joined in the same petition. Held, that such sections did not authorize different parties liable to plaintiff on different causes of action to be joined as parties defendant in one action.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 31, 32.]

6. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—ALIENS AND NONRESIDENTS.

Under Removal Act, March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901. pp. 507-509], giving to a nonresident defendant the right to remove from a state court, any suit there pending of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, including a controversy between citizens of a state and foreign states, citizens or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000, a suit in which there is a separable controversy between an alien corporation and a nonresident corporation defendant is subject to removal.

7. SAME—MISJOINDER OF PARTIES.

Where, in a suit brought in a state court, it appeared by plaintiff's petition that there was a misjoinder with a nonresident defendant of a citizen of the same state as the plaintiff, or an alien, the presence of such citizen or alien as a party defendant may be disregarded for the purpose of removal of the cause to the federal court.

## On Motion to Remand.

This action was commenced in the district court of Iowa, in and for Hardin county. From the petition of plaintiff which is in one count it appears: That plaintiff, the Iowa Lillooet Gold Mining Company, Limited, is a corporation organized under the laws of Canada, doing business in Iowa with its headquarters in the city of Iowa Falls, in Hardin county; that the defendant Bliss is a citizen of Iowa residing at Iowa Falls, and was or had been the secretary of the plaintiff, and that part of his duties was to draw orders upon its treasurer for the payment of money when directed to do so by its board of directors; that upon his appointment as secretary he was required by plaintiff to furnish security for the faithful and honest discharge of his duties, and to protect it against loss or damage by reason of any wrongful acts on his part as such officer; that in pursuance of such requirement he did on August 5, 1903, procure the defendant United States Fidelity & Guaranty Co. (hereinafter called the guaranty company), which is a Maryland corporation organized to furnish indemnity bonds and securities to individuals or corporations employing others in the transaction of their business, to make and deliver to plaintiff its certain bond in writing to indemnify and secure plaintiff against any pecuniary loss, not exceeding $25,000, that it might sustain from specified wrongful acts of defendant Bliss as secretary of the plaintiff. A copy of said bond is attached to the petition and contains, among others, the following provisions: "That said guaranty company shall, within three months next after notice, accompanied by satisfactory

proof of a loss as hereinafter mentioned, has been given to it, make good and reimburse to the plaintiff all and any pecuniary loss sustained by it of money, securities, or other personal property in the possession of the employé (Bliss) or for the possession of which he is responsible, by any act of fraud or dishonesty on his part in the discharge of the duties of his office or position, amounting to larceny or embezzlement, and which shall have been committed during the continuance of this bond or any renewal thereof. * * * And the said employé (B. B. Bliss) doth hereby for himself, his heirs, executors and administrators, covenant and agree to and with said guaranty company, that he will save, defend and keep harmless the said company from and against all loss or damages of whatever nature or kind, and from all legal and other costs and expenses direct or incidental, which the said guaranty company shall or may at any time sustain or be put to (whether before or after any legal proceedings by or against it to recover under this bond, and without notice to him thereof) or for or by reason or in consequence of the said guaranty company having entered into the present bond." Signed by said B. B. Bliss, and by the said guaranty company by its proper officers.

It is then alleged that, after the making of said bond and during its continuance, the defendant Bliss did, without right, and without authority of plaintiff, by means of certain orders upon the treasurer of the plaintiff wrongfully and fraudulently drawn and signed by him as such secretary, withdraw from the treasury of the plaintiff $12,000 of its money, and fraudulently embezzle or convert the same to his own use, and has failed to pay or account for the same to the plaintiff; that due notice of such fraudulent acts of said Bliss, accompanied with satisfactory proof of plaintiff's loss, has been given to the defendant guaranty company, as provided by the terms of said bond, and demand made of it that it pay to plaintiff the amount of its said loss, which it has refused to do. Judgment is asked against the defendant Bliss and the guaranty company jointly for said sum of $12,000, with interest and costs. The defendant guaranty company seasonably presented to the state court its separate petition duly verified, and bond for the removal of said suit to this court, upon the ground that it appears from the petition of plaintiff that there is in said action a controversy wholly between it, a corporation of Maryland, and the plaintiff, a corporation of Canada, in which the amount in dispute exceeds the sum or value of $2,000 exclusive of interest and costs, which can be fully determined between it and the plaintiff without the presence of the defendant Bliss as a party thereto; and further alleging that said Bliss was not a necessary or proper party to the controversy between the plaintiff and said guaranty company, but was joined as a party defendant with said guaranty company by plaintiff, with the fraudulent intent on its part to prevent the removal of said action to this court. The state court refused to order a removal. The defendant guaranty company thereupon filed a copy of the record of the cause in this court, and caused the same to be docketed herein, and the plaintiff moves to remand the cause to the state court.

Albrook & Lundy, for plaintiff.

Healy Bros. & Kelleher, for defendant United States Fidelity & Guaranty Co.

REED, District Judge (after stating the facts). The motion to remand challenges the jurisdiction of this court, and in support thereof is it urged: That plaintiff being a corporation of Canada, and defendant a corporation of Maryland, neither being a citizen or resident of Iowa, the action could not have been brought by original process in this court, and is not therefore one that is removable from the state court. This contention fails to distinguish between the jurisdiction or right of a court to determine a controversy, and the venue or place where that jurisdiction may be exercised. The first part of section 1 of the judiciary act of 1887-88 (Act March 3,

1887, c. 373, 21 Stat. 552 [U. S. Comp. St. 1901, p. 508]), confers jurisdiction upon the Circuit Courts of the United States, concurrent with the courts of the several states, of all suits of a civil nature at law or in equity, wherein the requisite amount is involved, and in which there shall be a controversy between (3) citizens of different states, and (5) citizens of a state and foreign states, citizens, or subjects. The second part of that section provides that no civil suit shall be brought against any person in a Circuit Court of the United States by original process in any other district than that whereof he is an inhabitant; but, "when the jurisdiction is founded only upon the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." This suit is not of the class there described, for plaintiff is a corporation of Canada, defendant Bliss a citizen and resident of the Northern District of Iowa, and the Guaranty Company a corporation of Maryland. If it is one of which this court has jurisdiction, it might therefore have been brought in this court by original process against defendant Bliss, and if the Guaranty company is jointly liable with him on its bond, against that company also, especially if it did not object to being sued there, and is removable to this court if it is within the terms of the removal section.

The second clause of section 2 provides that:

"Any other suit of a civil nature at law or in equity of which the Circuit Courts of the United States are given jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any state court, may be removed into the Circuit Court of the United States, for the proper district by the defendant or defendants therein being nonresidents of that state." 24 Stat. 552 [U. S. Comp. St. 1901, p. 509].

It is the first part of section 1 that confers jurisdiction upon the Circuit Courts of the United States, and this cannot be conferred by consent of the parties to a suit. The second part of that section, which restricts the place where the jurisdiction conferred by the first shall be exercised, is not jurisdictional, but is a personal exemption granted to the defendant from being sued in the class of cases there described, elsewhere than in the district of his residence, or that of the plaintiff. This exemption the defendant may waive, and if he is sued in a district other than that of his residence, or that of the plaintiff, he does waive it by appearing generally to the suit and not claiming the benefit of such privilege or exemption. This was early so ruled in Gracie v. Palmer, 8 Wheat. 699, 5. L. Ed. 719, which was a suit brought by an alien against a citizen of a state in a district other than that of his residence. That ruling has been uniformly followed since. Toland v. Sprague, 12 Pet. 300–336, 9 L. Ed. 1093; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Railway Company v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Central Trust Company v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; Kansas City & T. Ry. Co. v. Interstate Lumber Co. (C. C.) 37 Fed. 3 (Brewer, Circuit Judge); Long v. Long, (C. C.) 73 Fed. 369.

144 F.—29

In Ex parte Schollenberger, 96 U. S. 378, 24 L. Ed. 855, it is said:

"The act of· Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

But it is urged that, under the present act, the consent of the plaintiff as well as that of the defendant is requisite to enable a Circuit Court of the United States to take jurisdiction upon removal of a suit brought in the court of a state of which neither the plaintiff nor the removing defendant is a resident. Foulk v. Gray (C. C.) 120 Fed. 156. A similar question was suggested in Central Trust Co. v. McGeorge, above, a case originally brought in the Circuit Court since the act of 1887–88, but the Supreme Court said in response thereto:

"But a similar state of facts existed in the case of Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, inasmuch as Shaw, the plaintiff, was a citizen of Massachusetts, and the mining company was a corporation of the state·of Michigan, and the suit was brought in the Circuit Court for the Southern District of New York. Nor do we see any reason for a different conclusion as to the subject of waiver, when the question arises where neither of the parties are residents of·the district, from that reached where the defendant only is not such resident."

In Mexican National Railway Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, which was an action begun in a state court by an assignee of a chose in action, it is said:

"It is true that by the first section, where the jurisdiction is founded on diversity of citizenship, suit is to be brought 'only in the district of the residence of the plaintiff or the defendant,' and this restriction is a personal privilege of the defendant, and may be waived by him. St. Louis & San Francisco Railway v. McBride, 141 U. S. 127, 11 Sup. Ct, 982, 35 L. Ed. 659. Section 2, however, refers to the first part of section 1, by which jurisdiction is conferred, and not to the clause relating to the district in which suit may be brought. McCormick Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833."

Kansas City Railway Company v. Lumber Company (C. C.) 37 Fed. 3, was an action commenced in a· court of a state in which neither plaintiff nor defendant was a resident and was removed by the defendant to the Circuit Court of the United·States for the proper district. Upon motion of the plaintiff to remand, Mr. Justice Brewer, then circuit judge of this circuit, after referring to the act of 1887–88, said:

"The language speaks of jurisdiction generally, and of courts in the plural. Any suit is removable of which any federal Circuit Court might take jurisdiction; and the mere fact that the defendant could have successfully objected to being sued in any one or more particular federal courts does not destroy the general jurisdiction of federal courts, or prevent its removal. Take the case at bar; if the suit had been commenced in this court, and process served personally upon the defendant, and it had raised no question other than upon the merits of the controversy, this court would have had undoubted jurisdiction, and the judgment it rendered would have been valid. If the jurisdiction of the court, upon his failure to insist upon his personal privileges, be conceded in the one case, why should there be doubt of the jurisdic-

tion when he voluntarily seeks the court? I am aware that in the case of Harold v. Mining Co. (C. C.) 33 Fed. 529, I concurred with Judge Hallett in an opinion different from that herein expressed, but further reflection, after hearing the question discussed at length and frequently, has satisfied me that that opinion was erroneous. It is perhaps unnecessary to carry this discussion any further, and it is enough to say that we hold that the fact that both parties are nonresidents of this district does not oust this court of jurisdiction in a case removed from the state court by a nonresident defendant."

The opinion in St. Louis, etc., Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659, is also by Mr. Justice Brewer, and is to the same effect.

The right of removal, however, is given to the nonresident defendant, and that right is not by the removal act made to depend in any way upon the consent of the plaintiff. Plaintiff may not therefore sue the defendant in a court of a state of which neither is a resident, but in which defendant may be found or does business, and is there served with summons, and thus deprive the latter of exercising his right to remove the cause to the proper Circuit Court of the United States, if it is one of which that court is given original jurisdiction by section 1 of the act. It should rather be held that, by so suing the defendant, the plaintiff voluntarily submits jurisdiction of his person to any court sitting in that state having jurisdiction of the subject-matter, to which the defendant has the right, and may elect, to take it. See Whitworth v. Railway Co. (C. C.) 107 Fed. 557; Virginia Co. v. Insurance Cos. (C. C.) 108 Fed. 452; Rome Petroleum Co. v. Hughes (C. C.) 130 Fed. 585; Robert v. Pineland Club (C. C.) 139 Fed. 1001.

It is true that in Cochran v. Montgomery County, 199 U. S. 260, 273, 26 Sup. Ct. 58, 63, 50 L. Ed. ——, it is said by Mr. Chief Justice Fuller:

"The main purpose of the act of 1887 was, as has been repeatedly said, to restrict the jurisdiction, and this was largely accomplished in the matter of removals by withholding the right from plaintiffs, and only according it to defendants when sued in plaintiffs' district."

But the place of bringing suit was not involved in that case; it is not otherwise considered than as stated in the above excerpt from the opinion and is not determined. It could not have been intended by the court to depart from its prior rulings in Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Railway Company v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, and other like cases, without noticing or referring to them. This is apparent from the opinion in Sweeny v. Carter Oil Co., 199 U. S. 252, 26 Sup. Ct. 55, 50 L. Ed. ——, filed the same day as the one in Cochran v. Montgomery County, in concluding which the Chief Justice says:

"The clause vesting jurisdiction should not be confounded with the clause determining the particular courts in which the jurisdiction must be exercised."

Wabash W. Railroad Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, cited by plaintiff, holds, as stated in the syllabus, that:

"The filing by the defendant, in an action in a state court, of a petition for its removal to the proper Circuit Court of the United States, does not prevent the defendant, after the cause is removed, from moving in the federal court to dismiss it for want of jurisdiction of the person of the defendant in the state court or in the federal court."

The question involved was whether or not the service of the summons in the state court upon an agent of the defendant would confer jurisdiction upon that court of the person of the defendant. It was held that the defendant had the right to the judgment of the federal court upon that question, as well as upon any other that might arise in the case, and that the filing of the petition for removal in the state court, without limiting the appearance for that purpose only, was not of itself such general appearance in that court as would prevent the defendant from invoking the judgment of the federal court upon that question. The case is cited for the purpose, as stated, of showing that the guaranty company might in this court raise the question of its jurisdiction and have the suit dismissed for want thereof, and thus escape also the jurisdiction of the state court. If the summons served upon it is not sufficient to confer upon the state court jurisdiction, undoubtedly it may do so; but, if it should raise only the question that it was not suable originally in this court, then its removal of the cause to this court, if jurisdiction otherwise exists, would be a waiver of the right to object to the venue it thus voluntarily sought. But it is not necessary to speculate as to what questions may arise in the further progress of the case, as they may be considered and determined when they do arise. It is enough to now consider the questions that are presented by this motion.

It is next urged that the petition of plaintiff upon its face shows a joint cause of action against both defendants, and not a separable one against the defendant guaranty company alone. If this is true, the action is not removable, even though plaintiff might have sued the guaranty company alone, unless the joint cause of action was fraudulently alleged for the purpose of preventing a removal of the cause to this court. Railway Company v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63, and Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. —— (actions upon joint contracts) ; Alabama Great Southern Railway Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. ——, Cincinnati, N. & T. Railway Co. v. Bohon, 200 U. S. 221, 26 Sup. Ct. 166, 50 L. Ed. —— (actions for joint torts).

The cause of action alleged in plaintiff's petition against defendant Bliss is that, while acting as secretary for the plaintiff, he embezzled or unlawfully converted to his own use $12,000 of plaintiff's money; that against the guaranty company is that, previous to such wrongful act, it had given to plaintiff its bond in writing, wherein it agreed upon certain conditions to make good and reimburse to plaintiff all and any pecuniary loss, of money, securities, or other personal property, sustained by it by any act of fraud or dishonesty on the part of Bliss amounting to larceny or embezzlement. It is true that Bliss signed this bond, but he did not therein assume in any way any obligation to the plaintiff. His entire obli-

gation or undertaking therein is with the guaranty company, and that is, to defend the guaranty company from and against all loss or damage of whatever nature it may sustain by reason of having given the bond to plaintiff. This bond, and the obligation of Bliss assumed therein, is entirely different from that in Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. ——, which was an official bond of Cochran as treasurer of Montgomery county, Ala., and the Fidelity & Deposit Company as his surety thereon. In that bond Cochran and the deposit company each undertook and agreed to account for and pay to the county the money coming to the custody of its treasurer. It was a joint or joint and several undertaking, and both were liable to the county thereon, both by its terms and the statute under which it was given. See Montgomery County v. Cochran et al., 121 Fed. 17, 57 C. C. A. 261, for the bond, and statute requiring it.

The plaintiff does not in this case, and in fact could not, predicate a cause of action against Bliss upon this bond, but predicates the same wholly upon his wrongful act or tort; while that against the guaranty company is predicated alone upon its written contract. The liability of each is in no sense joint, but several, and each rests upon distinct and separate grounds. While the amount of the recovery, if each is liable, would be computed upon the same basis, viz., the amount of the defalcation of Bliss, that does not make their liability or obligation to plaintiff joint. Adriatic Fire Insurance Co. v. Treadwell, 108 U. S. 361, 2 Sup. Ct. 772, 27 L. Ed. 754; Griffin v. Grundy County, 10 Iowa, 226; American Bonding Co. v. Milwaukee Harvester Works (Md.) 48 Atl. 72; Dumanoise v. Townsend, 80 Mich. 302, 45 N. W. 179.

In Adriatic Insurance Co. v. Treadwell, above, it is held that a written agreement between several insurance companies to employ counsel to defend separate suits against all the companies upon their several policies of insurance for loss of property, the defense in each being the same and common to all the companies, was not a joint contract, but a several one, upon which an action against all to recover the expense of defending the several suits was a misjoinder and could not be maintained.

Counsel for plaintiff rely upon sections 3462 and 3465 of the Code of Iowa of 1897, as authorizing the joinder of Bliss as a party defendant in this suit

Section 3462 is:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action, except as otherwise expressly provided."

This is section 2761 of the Revision of 1860, and in the note to that section it is said:

"This section is borrowed from the chancery practice, and it was intended to preserve the right and duty of a plaintiff to make parties, all persons directly interested in the question or controversy stated in the complaint."

In the abolition by the Code of all forms of civil actions, and substituting therefor two kinds of proceedings, to be known as ordinary (law) and equitable actions (section 3426), and permitting the plaintiff to prosecute his action by equitable proceedings in all cases where courts of equity had jurisdiction before the adoption of the Code, and requiring him to do so in all cases where such jurisdiction was exclusive (section 3427), section .3462 would seem to have reference to equitable actions only.

Section 3465 is:

"That where two or more persons are bound by contract or by judgment * * * whether jointly only, or jointly and severally, or severally only, the action thereon may at plaintiff's option be brought against any or all of those so bound * * *."

This but changes the common-law rule as to the right of action and recovery upon joint or joint and several contracts (Revision 1860, § 2764, and note).

Section 3545 of the Code provides:

"Causes of action of whatever kind where each may be prosecuted by the same kind of proceedings, if held by the same party and against the same party in the same right, *. * * may be joined in the same petition. * * *"

These sections of the Code do not authorize different parties, liable to plaintiff upon different causes of action, to be joined as parties defendant in one action, nor do they make several contracts joint.

In Thorpe v. Dickey, 51 Iowa, 676, 2 N. W. 581, the action was at law and against two of the defendants upon an account, and a third upon a note given by him as collateral to .the account. In holding it to be a misjoinder, the court said:

"A cause of action upon an account may be joined in the same petition with a cause of action upon a promissory note, if the causes of action are in favor of the same person or persons and against the same person or persons. Code, § 3465. But in this case, although the causes of action were in favor of the same persons, the cause of action upon the account was against the Dickeys only. We think, therefore, that is was improperly joined with the cause of action upon the note, even if the note was given as collateral to the account. If Stewart had a defense to the note, and the Dickeys to the account, the two defenses would have been entirely distinct, and would have involved substantially two distinct trials."

In Griffin v. Grundy County, 10 Iowa, 226, the action was against the county upon a written warrant issued by it, and against one who had by a separate instrument in writing guarantied the payment of the warrant. Held, a misjoinder.

In American Bonding Co. v. Milwaukee Harvester Works (Md.) 48 Atl. 72, the bond sued upon was essentially the same as that in this case,· and was signed by the employé and the bonding company as in this case. Held, that it was not a joint obligation of the employé and the bonding company.

To·the same effect are: Louisville & N. Railway Co. v. Ide, 114 U. S. 52–56, 5 Sup. Ct. 735, 29 L. Ed. 63; Mendenhall v. Wilson, 54 Iowa, 589, 7 N. W. 14; Addicken v. Schrubbe, 45 Iowa, 315;

Prader v. National Association, 107 Iowa, 431, 78 N. W. 60; Streichen v. Fehleisen, 112 Iowa, 612, 84 N. W. 715, 51 L. R. A. 412.

It is clear that the liability of Bliss to the plaintiff is not upon the contract or bond in suit. It is equally clear that the liability of the defendant guaranty company is upon that contract alone, and that a separate action might have been brought thereon against that company without making Bliss a party defendant thereto. The conclusion therefore is that the petition of plaintiff shows upon its face a cause of action and controversy between the plaintiff and the defendant guaranty company, distinct and separate from that between plaintiff and the defendant Bliss, to a full and complete determination of which Bliss is in no way a necessary party, and that neither at common law could he have been, nor under the Iowa procedure can he be, properly joined as a defendant with the guaranty company upon the cause of action alleged against that company.

Finally, it is urged that the action is not removable, though the controversy between the plaintiff and the guaranty company is separable from that between plaintiff and defendant Bliss, because it is not within the terms of clause 3 of section 2 of the removal act (Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 509]), which is:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

The controversy in this suit is not between citizens of different states. Hepburn v. Ellzey, 2 Cranch, 445–452, 2 L. Ed. 332, and does not therefore fall within the letter of the clause above quoted. Neither does the letter of that clause limit the right of removal to the nonresident defendant (Stanbrough v. Cook [C. C.] 38 Fed. 369, 3 L. R. A. 400), nor require that the amount involved shall exceed $2,000. But such is not its meaning. In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738. This case determined that suits to which the amount in dispute did not exceed $2,000 could not be removed under clause 4, and in speaking of the different clauses of section 2 it is said:

"Here the first two clauses expressly require an amount exceeding $2,000. The third clause, in referring to 'any suit mentioned in this section,' evidently means the two first clauses of the section, and, of course, is limited to cases in which the matter in dispute exceeds $2,000."

The different clauses of section 2, then, must be considered together in determining what suits are removable, and by whom they may be removed. Clause 2 gives to the nonresident defendant the right to remove from a state court "any suit there pending of which the Circuit Courts of the United States are given original jurisdiction by the preceding section." Reference must be made to section 1 to ascertain what suits are removable, and, among those there described, are those in which there is "a controversy between citizens of a state and foreign states, citizens, or subjects, in which the mat-

ter in dispute exceeds, exclusive of interests and costs, the sum or value of two thousand dollars." The subsequent clauses of section two do not confer upon the Circuit Courts of the United States any other grounds of jurisdiction than those mentioned in section 1, but only specify the terms upon which suits, "of which the Circuit Courts are given original jurisdiction" by section 1, may be removed. This is made clear by the opinion of Mr. Justice Harlan, in Malone v. Railroad Co. (C. C.) 35 Fed. 625, in which he says:

"The clause prescribing prejudice or local influence, as ground for the removal of a suit * * * cannot well be separated, in the process of interpretation, from the preceding clause in the same section, which, by referring to the first section, requires as a condition of the removal of a suit because of diverse citizenship * * * that the matter in dispute shall exceed in value $2,000, exclusive of interest and costs."

This language is quoted with approval in Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. ——, where it is held that, in the absence of a separable controversy, a nonresident citizen, who is rightly sued in a state court with a citizen of the same state as the plaintiff for a breach of their joint contract, may not remove the suit upon the ground of prejudice or local influence, though the wording of clause 4 might so authorize. So clause 3 of section 2, which requires as the condition of removal a separable controversy between citizens of different states, does not prescribe a separate and independent ground of federal jurisdiction from that prescribed in section 1, any more than does clause 4, and it cannot be separated in the process of interpretation from section 1 any more than can clause 4. As clause 2 of the section describes the class of suits that may be removed as those "of which the Circuit Courts are given jurisdiction by the preceding section one," it would follow that suits between aliens and citizens, in which there shall be the requisite separable controversy, may be removed by the nonresident citizen who is defendant, unless such suits are excluded by the very letter of clause 3. The literal wording of a single clause, considered apart from other clauses, has not been observed by the Supreme Court, when to do so would permit the removal of a suit not fairly within the meaning of the removal act. Upon the same principle, such wording should not be so considered, when to do so would prevent the removal of a suit of which jurisdiction is expressly conferred by section 1, and which would be within the very letter of clause 2 of section 2, if no improper parties were joined as defendant with the nonresident citizen. It is true that the act of 1887–88 was designed to restrict, rather than enlarge, the jurisdiction and right of removal; but this is accomplished by (1) increasing the jurisdictional amount, (2) limiting the right of removal to the nonresident defendant, and the time in which he may apply therefor, and (3) giving to the defendant the right of exemption from being sued originally in the Circuit Courts of the United States in a district other than that whereof he or the plaintiff is a resident.

The present removal act clearly recognizes that a suit brought in a state court may, consistently with the rules of pleading, rightly embrace several distinct controversies between the plaintiff and different de-

fendants, and, if in such a suit there shall be a separable controversy of which the Circuit Courts of the United States are given original jurisdiction, its plain purpose is to give to the nonresident citizen actually interested in such controversy the right to remove the suit to the proper Circuit Court of the United States, though a citizen of the same state as the plaintiff or an alien may have been rightly made a party defendant to settle and determine other controversies between him and the plaintiff. It is in such a suit only that it is necessary to consider the relation of the resident defendant to the controversy or his citizenship in determining whether or not it is removable. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514.

But when, in a suit brought in a state court, it is disclosed by the plaintiff's petition that there is misjoined with a nonresident defendant a citizen of the same state as the plaintiff or an alien, the presence of such citizen or alien as a party defendant may be disregarded for the purpose of removal. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Boatman's Bank v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288; Cella et al. v. Brown et al. (C. C.) 136 Fed. 439; Hervey v. Railway Co., Fed. Cas. No. 6,434 (joinder of aliens).

In Boatman's Bank v. Fritzlen, the Circuit Court of Appeals for this circuit said:

"In determination of the jurisdiction of the national courts, and the rights to remove causes of action to them, indispensable parties only should be considered, because all other parties may be dismissed and disregarded if their presence would oust or restrict the jurisdiction or the right."

Bliss, not being a necessary or proper party to the suit, may be disregarded for the purpose of removal, as a party thereto, and it then stands as one between the plaintiff, an alien corporation, and the defendant guaranty company, a corporation of Maryland, and is within the very letter of clause 2 of section 2.

If Bliss was a proper party to the suit, the question would be different. In King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60, it is held that an alien defendant rightly sued with citizens of the same state as the plaintiff could not remove a suit in which there is a separable controversy between him and the citizens plaintiff. That removal was attempted to be made under clause 2 of section 629, Rev. St. U. S. [U. S. Comp. St. 1901, p. 503], which was held to have been repealed by the act of 1875, and that the right of either the plaintiff or the alien defendant to remove such controversy thereafter did not exist. No question of misjoinder of parties was involved, and the alien defendant seems to have been rightly sued with his codefendants. The same is true of Creagh v. Insurance Co. et al. (C. C.) 88 Fed. 1; though that was a suit to recover against all the defendants for a joint tort, and for that reason alone was not removable because there was no separable controversy. See, also, Roberts v. Railway Co. (C. C.) 104 Fed. 577.

The construction contended for by the plaintiff would permit an alien to sue, in a court of the state of his residence, a nonresident citizen, if service of process upon him could be obtained there, and

wrongfully join with him as defendant a citizen of the state .in which the suit is brought, and thus prevent the nonresident citizen, between whom and the alien plaintiff is a separable controversy, and maybe the only one involved, from removing the suit, because as brought it is not in form one "between citizens of different states," though it might have been brought originally in the Circuit Court of the United States, or if it had been brought in the state court against the nonresident citizens alone it .would have been removable. Such is not the fair or reasonable interpretation of the removal act.

The conclusion therefore is that the motion to remand should be denied, and it is so ordered.