E. G. DICKSON, Appellant, v. W. H. YATES et al., Appellees.

**PLEADING:** Issues, Proof, and Variance—Conspiracy and Joint Liability. A plaintiff who pleads a conspiracy (1) to assault plaintiff, and (2) to trespass upon plaintiff's real property, and demonstrates by the record that the two torts were separate in time, place, and parties, but has his cause submitted on the theory of a conspiracy, *as pleaded,* and is defeated on a jury finding that there was no *conspiracy,* may not complain that he was denied a submission of the question of *joint liability, irrespective of a conspiracy,* when he proffers no testimony on the latter proposition.

WEAVER, J., dissents on the record presented.

**ACTIONS:** Joinder—Concealed Misjoinder. A plea of a conspiracy to do two things, to wit, (1) to assault plaintiff and (2) to trespass upon his real property, and that said conspiracy was carried out, is, on its face, a good plea, and necessarily precludes a motion to strike because of misjoinder of causes of action, even though defendant may foresee that the evidence will ultimately demonstrate that the plea is bad, in that the two torts were different in time, place, and parties.

**WITNESSES:** Impeachment—Improper Examination and Waiver. No set form of question is required in asking a witness whether he has been convicted of a felony. If improper matter be in fact brought out in such examination, complaint may not be predicated on such fact, when complainant himself delved deeply into the same matter on redirect examination.

*Appeal from Davis District Court.*—C. W. VERMILION, Judge.

SEPTEMBER 27, 1921.

OPINION ON REHEARING, JUNE 23, 1922.

REHEARING DENIED DECEMBER 15, 1922.

ACTION at law to recover damages for an alleged personal assault and for trespass upon the property of plaintiff. Cause tried to the jury and a verdict returned in favor of the defendants. Plaintiff appeals.—*Affirmed.*

*Jaques & Tisdale, R. M. Haines,* and *T. P. Bence,* for appellant.

*Payne & Goodson, H. C. Taylor, Buell McCash, E. Rominger,* and *J. F. Scarborough,* for appellees.

DE GRAFF, J.—This cause of action is a local echo of the world war. The causative facts have to do with certain quasi governmental agencies in the county of plaintiff's residence for the raising of funds to assist in the successful

1. PLEADING: issues, proof, and variance: conspiracy and joint liability.

prosecution of the war, which movement apparently did not enlist the sympathy of the plaintiff, a well-to-do Iowa farmer of Davis County. These matters, however, have no material bearing upon the merits of the propositions involved on this appeal.

The plaintiff instituted this action to recover damages for an assault alleged to have been committed on and against his person and also for a trespass upon and damages to his real property. It was a joinder in one cause of action of two distinct torts committed by different groups of men, defendants herein, to wit; trespass *personaris* and trespass *quare clausum.*

The plaintiff alleged in his petition that the defendants "jointly and severally conspired, confederated and associated themselves together as a mob for the purpose of threatening, assaulting, and coercing this plaintiff, and for the further purpose of injuring and damaging his property and that each and all of the said defendants jointly and severally and in pursuance of the said conspiracy, confederacy and association, and as a mob and at the town of West Grove, the county Davis and in the state of Iowa, willfully, maliciously and wantonly made an assault upon this plaintiff by coercing this plaintiff, shaking fists in his face and threatening to commit battery upon his person.

That further the said defendants and all of them did jointly and severally and in pursuance of said conspiracy, confederacy and association and as a mob then and on the same day maliciously, willfully and for the purpose of damaging and injuring the plaintiff and his property, paint a building on plaintiff's premises with yellow paint."

All of the defendants except J. G. Stone filed a joint answer and the defendant Stone filed his separate answer. The defendants made denial therein generally and specially to all of the allegations of the petition, and furthermore alleged that they were acting as solicitors for funds for the war activities of the United States government in the world war and, without any force or show of force, properly and politely solicited the plaintiff.

The burden of appellant's contentions has to do with the theory of the case as embodied in the court's instructions to the jury. The jury was told that it was essential in order that plaintiff recover against any of the defendants that the plaintiff establish by a preponderance of the evidence that two or more of the defendants did enter into a conspiracy to do the acts complained of and that two or more of the defendants in pursuance of such conspiracy did actually do the acts complained of.

The jury by its verdict determined that the evidence did not sustain the theory of the plaintiff under the facts pleaded, and found that no conspiracy existed as charged and consequently the defendants were not liable in damages.

We are primarily concerned with the legal principle announced in the instructions given in this case. It is quite essential to observe that the defendants were charged in the petition with having (1) assaulted the person of the plaintiff and (2) trespassed upon his real property, and that these two trespasses were done by the defendants acting in pursuance of a conspiracy.

The petition as drawn is not vulnerable to motion or demurrer by reason of misjoinder of persons or causes of action. This is the key that unlocks the door in this case for a proper entrance into the room of legitimate discussion.

2. ACTIONS: joinder: concealed misjoinder. Plaintiff predicated this action on a conspiracy theory, and having so pleaded he was at liberty to charge as many separate assaults or acts of trespass as he wished and defendants were compelled to meet his allegations by answer or stand defaulted. This case is not within the purview of Code Section 3548. There was no waiver. *Cogswell v. Murphy*, 46 Iowa 44; *Bort v. Yaw*, 46 Iowa 323; *Dahms v. Sears*, 13 Ore. 47 (11 Pac. 891).

The essential difficulty of this case on appeal is the total absence from the record of evidence supporting or tending to support the contention of appellant. We are not holding that damages for a joint wrong is not recoverable in the absence of proof of a conspiracy when alleged, nor do we challenge the statement that the averment of a conspiracy in the petition does not ordinarily change the nature of the action nor add to its legal force or effect. Briefly and plainly stated our position is this, that the court having submitted the case on the theory of plaintiff, to wit: a conspiracy, and the jury by its verdict having found on the facts there was no conspiracy, that finding is conclusive; and secondly, that the record does not disclose that the two torts charged, or either of them, was committed jointly by the defendants or some of them without reference to a conspiracy.

By its verdict the jury found that neither trespass was the result of a conspiracy. Let us suppose for the purpose of argument that the jury was warranted under the evidence in finding that but one person from each group perpetrated independently the torts respectively alleged or let us suppose that two or more persons from each group perpetrated without concert of action

the torts respectively alleged. Clearly these persons on either supposition could not be subject to the same verdict or judgment.

In this case the evidence does not identify any single person or any two or more persons jointly as the actual wrongdoers of either tort or both torts. No complaint is made that the instructions given are erroneous, but it is contended that the case should also have been submitted on the theory of joint tort-feasors without reference to a conspiracy.

Instructions must be written and read with reference to the facts and to the issues in the case and only as thus limited or explained has the pronouncement of law in opinion any value. The instruction given by the court in the instant case is sound as an abstract legal proposition and there is no evidence before this court that warrants its impeachment or the giving of any other or different instruction as to joint wrongdoers. The record facts under the pleadings compelled the trial judge to instruct as he did. The record facts show two groups of alleged wrongdoers and two torts committed each distinct from the other.

Unless there was a conspiracy to do the two distinct torts charged or unless it is shown that the same parties or some of them committed the two torts jointly there can be no recovery.

The appellant in this case does not set out a line or syllable of evidence in his abstract bearing on this proposition. Who committed the torts charged? What was the manner of the commission of either tort? If an amendment to the abstract had not been filed this court would have no means of knowing when, how, or by whom either tort was committed except so far as the allegations contained in plaintiff's petition. Allegations are not proof. The plaintiff Dickson himself, as shown by appellees' additional abstract testified: ''I don't know who put the paint on my house on the farm west of town. I don't know that any of the defendants put paint on it that night. I delayed bringing this action until I thought the Federal authorities had dropped the criminal charges against me for violating the espionage act. After I had made my donation to the Red Cross part of the crowd around there left and went in the direction of my farm. I don't know which ones of the defendants went there. No one struck me there that night. Someone did jostle me that night but I don't know who it was and I don't know

whether it was accidental or intentional. It didn't hurt me any though.''

Each and every one of the defendants testified in substance that there was no plan, arrangement, understanding or suggestion made by anyone to their knowledge that E. G. Dickson or his brother Cowp was to be solicited for a donation on the night in question; that there were no threats whatever made to injure the person of E. G. Dickson; that no one struck him and there was no force used in any way to secure his donation; that none of them took any part in the solicitation of the donation except Harper and Gleason, the regularly appointed Red Cross solicitors, and Sprouse who was standing near by at the time; that the regular subscription card was signed by Dickson upon the request of Gleason and handed to the latter; that Harper who was in company with Gleason stated to the plaintiff that he hadn't given anything to the Red Cross drive to which Dickson replied, ''No;'' and he said that he ought to give something and shortly thereafter made the donation by a subscription of $100.

This event so far as the record shows had no relation to the alleged trespass in the plaintiff's farm yard three fourths of a mile away. Defendants Howard, Stone, Fry, Pirtle, the two Cary men, Hockersmith, Yates and Barnett testified that they were not at the Dickson home that night; that they did not know anybody was going to the plaintiff's home; that they did not request anybody to go; that no one requested them to go. The two defendants named Harris were not present at either of the transactions mentioned.

This court will not in the absence of competent proof which appellant has failed to submit to this court disturb a finding of a jury on fact questions. There is no evidence of physical abuse and there is no evidence tending to prove that by concert of action that the defendants or any of them jointly committed the alleged torts. The jury determined that there was no conspiracy on an instruction which the court gave on the only theory which the allegations of the petition would warrant, and so far as we are advised the only theory supported by the proof. The following is the instruction given by the court and against which complaint is lodged: ''4. The burden of proof in this

case is upon the plaintiff, and before he can recover he must establish by the greater weight or preponderance of the evidence each of the following propositions;

First: That some two or more of the defendants entered into a conspiracy to injure the plaintiff by assaulting his person or trespassing upon or injuring his property.

Second: That in pursuance of such conspiracy some one or more of the defendants did make an unlawful assault upon the plaintiff, or did wrongfully trespass upon or injure plaintiff's property by injuring or destroying his shrubbery or putting paint on his house.''

This cause was submitted on the theory that a ''finding of conspiracy was essential to recovery from either defendant, and this must be treated as the law of the case for the purposes of this appeal.'' *Aughey v. Windrem*, 137 Iowa 315.

Evidence must be offered to prove the concert of action between the defendants or some of them to the injury of the plaintiff in the manner alleged to sustain a joint liability in the absence of proof of a conspiracy. If a conspiracy is proved then there is a joint liability as to those involved in the conspiracy. The testimony before us fails to show that there was any connection by joint action whatsoever between the alleged assault on plaintiff's person at the town of West Grove and the trespass upon his real estate.

Separate injuries were committed, if committed, by two groups of persons, but not so recited in plaintiff's petition. These groups were not identical in their personnel. Had there been but one group and but one tort committed a different cause of action and a different rule of liability would be presented. ''It is undoubtedly true that a joint recovery cannot be had against tort-feasors, where there is no concert of action or common intent, and their acts are separate *as to time and place.*'' *Moore v. Fryman*, 154 Iowa 534.

In *Young v. Gormley*, 119 Iowa 546, a conspiracy was alleged and appellants claimed that no recovery could be had, unless this was proven. It is said:

''Were the wrong alleged actionable only because of an unlawful combination of several persons, the position would probably be sound'' (citing cases).

The case at bar has no quarrel with the rule of joint and several liability of joint tort-feasors, and our numerous decisions affirming this rule of universal application is not in question here. Our cases heretofore decided are not analogous on the facts or on principle to the instant case, and involve but one tort or wrongful act and as to one group of actors.

See *McCann v. Clark,* 166 Iowa 705, 714; *Dunshee v. Standard Oil Co.,* 165 Iowa 625; *Aughey v. Windrem,* 137 Iowa 315, 319; *Moore v. Fryman,* 154 Iowa 534, 537; *Hobbs v. Illinois Cent. R. Co.* 171 Iowa 624; *Jahr v. Steffen,* 187 Iowa 168; *Yocum v. Husted,* 185 Iowa 119, 126; *Freeby v. Town of Sibley,* 183 Iowa 827.

The joint liability of wrongdoers in tort is a joint and several liability, but exists only where the wrong itself is joint. A mere similarity of design or conduct on the part of independent actors is not sufficient to constitute such actors joint tort-feasors. If a wrong is jointly done—that is in concert—the defendants are joint tort-feasors; if it be severally done—that is independently—though for a similar purpose and even at the same time without any concert of action, they are several tort-feasors. Only when two or more persons act in concert of action to commit a common tort are they joint tort-feasors. If the tort of two or more parties is several when committed it does not become joint by reason of the union of the consequences of the several torts in producing an injury. See *Wiest v. Election Trac. Co.* 200 Pa. St. 148 (58 L. R. A. 666), and cited in *Bowman v. Humphrey,* 132 Iowa 234, at 240.

Although joint tort-feasors are jointly and severally liable it is hard to conceive a tort "at once joint and separate." *Ramsey v. Cedar Rapids & M. C. R. Co.,* 135 Iowa 329. When two or more parties act each for himself in producing a result injurious to the plaintiff they are not jointly liable. *La France v. Krayer,* 42 Iowa 143. See, also *Tackaberry Co. v. Sioux City Serv. Co.* 154 Iowa 358.

There must be concurrent action, a co-operation or concert in the accomplishment by the wrongdoers of the particular wrong in order to make them jointly liable. If each person acts independently of the other the fact that they acted simultaneously is not sufficient to establish joint liability. *Miller v. Beck*

*& Co.*, 108 Iowa 575; *Lull v. Fox & Wis. Impr. Co.*, 19 Wis. *100.

It is not sufficient, as some decisions express it, that "where concurrent acts result in a single injury the parties may be sued jointly." This is not a correct statement of principle. It is not based on reason. It begs the question and confuses the term "concurrent" with the term "joint." Concurrent acts are not necessarily joint acts. Joint acts necessarily imply and include the idea of an intentional uniting between parties in a common act or purpose. A contract is not joint unless the parties intended it to be so. Again, a person by accident may do an act which is concurrent with the act of another, but he has no more united with the other than if he did the act under compulsion. Acts may be concurrent and result in an injury without either actor knowing of the existence of the other. Under such circumstances it may not be said that the tort is joint. It is a question of intent as much so as in any other act of life.

It is not the injury, but the wrongful act, which creates the liability. If the acts of the different persons are different and separate when done, they may not be called joint acts because they happened to occur at the same time or at different times and affect the same person, neither party having any design in the matter or any control or influence over the acts of the other.

This case presents something more than a misjoinder of parties. It presents a misjoinder of causes of action as well, and in the absence of proof of conspiracy, no recovery can be had. In the instant petition the pleader is simply exploring a field of unknown facts and the facts when discovered upon the trial fail to sustain his theory or any theory of joint liability. It is an omnibus or blanket petition, and the "blanket" fails to cover the facts. There is no evidence before us that establishes concert of action and the jury determined there was no conspiracy.

Parties cannot be held jointly liable where there is no community of wrongdoing. *Cole v. Lippitt* 22 R. I. 31. There must be a oneness of act. The fact that the effects of several wrongful acts are produced at the same time and place, cannot affect the question. *Sellick v. Hall*, 47 Conn. 260.

Judge Bliss in his work on Code Pleading (Section 83) states the rule thus: "Persons are not jointly liable for a tort merely because they may have some connection with it, even if it be such as to give a cause of action against them. There must be a co-operation in fact; 'there must be some *community* in the wrongdoing among the parties who are to be united as codefendants; the injury must be in some sense their *joint* work.' "

Pomeroy on Code Remedies (4th Ed.) 303 (Section *308) writes as follows: "In order, however, that the general rule thus stated should apply, and a union of wrongdoers in one action should be possible, there must be some *community* in the wrongdoing among the parties who are to be united as codefendants; the injury must in some sense be their *joint* work. * * * There must be something more than the existence of two separate causes of action for the same act or default, to enable him to join the two parties liable in the single action. This principle is of universal application."

Reasons of convenience and advantage to a plaintiff do not justify a disregard of the rights of defendants. The plaintiff may say that it is to his advantage to unite all persons connected with the transaction in any way as defendants. This in itself is an argument against his right to do so. In such a case each defendant is put on the defensive against every other defendant as well as against the plaintiff. Evidence may be offered on issues as to one defendant that is wholly foreign to the issues as to other defendants. Rulings on the objections to evidence are made differently as to different defendants. Confusion is introduced from the initial sentence of evidence to and including the instructions of the court. We say this to illustrate the evil and the injustice of trying in one case the liability of defendants whose interests or liabilities are not joined.

Many cases exist showing the disadvantage of attempting to join two or more persons as defendants when no common intent, purpose or liability is shown. See *White v. International Textbook Co.* 150 Iowa 27; *Hobbs v. Illinois Cent. R. Co.* 171 Iowa 624; *Doremus v. Root,* 23 Wash. 710. Coincidence in time, similarity of conduct or results accomplished, are not substitutes for proof of common purpose, concert of action, or joint liability.

The trial court correctly ruled the proposition. Upon no other theory could he properly have instructed the jury under the pleaded and proved facts.

II.  One other proposition argued by appellant is deserving of brief notice. This assigned error has to do with certain questions propounded to plaintiff as to his prior conviction of a felony. Code Section 4613 provides: "A witness may be interrogated as to his previous conviction for a felony. But no other proof is competent, except the record thereof."

This provision does not purport to require that the question shall be put in any particular or stereotyped form. It is the right of counsel to formulate the question in his own way with proper respect to the intent of the statute.

3. WITNESSES: impeachment: improper examination and waiver. It is not necessary to follow the express language of the statute. *State v. Carter,* 121 Iowa 135. The evidence made competent by this statute is for the sole purpose of affecting the credibility of the witness. A "conviction for a felony," until set aside, is a verity, and pending a motion or an appeal is a conviction within the meaning of Section 4613. *Hackett v. Freeman & Graves,* 103 Iowa 296.

Turning to the record we find the following questions and answers elicited on the cross-examination of plaintiff Dickson: "Q.  Have you ever been convicted of a felony? A.  No sir. Do you mean by that that no final sentence has been passed? (Objected to as not proper, immaterial, and irrelevant. Overruled. Plaintiff excepts.) Q.  Is that what you mean by that answer, Mr. Dickson? A.  I have not been sentenced. Q.  That is what you mean when you say 'no'? A.  Yes."

It may not be said that the second question was improper, or immaterial. It was the right of the defendants to know the meaning of plaintiff's prior answer. No rule of evidence prevents the putting of a question in another form to understand the meaning or the truth of an answer previously given.

The record which appellant claims to be prejudicial was made by the appellant himself. He is in no position to complain. His redirect examination supplied what was lacking, and error may not be predicated upon the matters brought out by the redirect examination. The plaintiff himself entered into the

details of the verdict of the jury on his trial in the Federal court. The redirect examination of counsel of his own client is as follows: ''Q. You mean by that there has never been any verdict of the jury that has been approved by any court, do you? A. Never been approved that I know of. Q. Do you mean that there is a motion in arrest of judgment on the one count on which the jury did convict you, now pending which the court has not decided, is that what you mean? A. That is exactly what I mean. Q. What are the facts in regard to this conviction of felony? What is the situation in regard to that case? A. I was tried and found guilty on one count, tried on seven counts, found guilty on one count, and there has never been any sentence and the motion has never been passed on as I know of. Q. Submitted some weeks ago to Judge Wade? A. It has been submitted but no action taken.''

Other questions were put to the witness on redirect examination which attempted to call out the interest of certain of the instant defendants in the prosecution in the Federal court, and certain questions were asked on recross-examination by counsel for defendants touching on the matter. This question was also asked after counsel for plaintiff had called out the foregoing answers. ''Q. It was a violation of the espionage act that you were charged with then, and on which the jury returned a verdict of guilty the other day—a few weeks ago? A. Yes sir. Q. For talking against the government during the last war; that is what you were found guilty of by the jury, isn't it? A. I think it was. Count 2 is the one I was found guilty on.''

Further redirect examination was had in which inquiry was made concerning the Federal indictment, and one of the last questions asked by counsel for plaintiff is: ''Q. At least the jury acquitted you of all of the counts except this alleged violation in Count 2, did they? A. Yes sir.''

If the claim of appellant had merit in that the second question put to plaintiff on cross-examination was prejudicial, the prejudice was waived or cured by the redirect examination. All of the details of the trial as disclosed by this record and all of the facts surrounding the indictment and conviction of plaintiff in the Federal court were elicited by his own counsel. This is

not chargeable to the appellees. We discover no error in the record and the judgment entered is therefore—*Affirmed.*

STEVENS, C. J., EVANS, PRESTON, ARTHUR, and FAVILLE, JJ., concur.

WEAVER, J. (dissenting.) For the purposes of this appeal, the sole question is upon the plaintiff's exceptions to the trial court's charge to the jury. Plaintiff had charged the defendants with wrongful assault upon his person and trespass upon his property, and that said wrongs were done pursuant to a conspiracy framed for that purpose. These charges were denied by the defendants. This, briefly stated, was the issue presented and tried.

If the plaintiff presented sufficient evidence to take that question to the jury, he was entitled to have the jury correctly instructed upon the law applicable to an issue of that character. At the close of the testimony, defendants moved for a directed verdict, on the theory that the evidence was insufficient to sustain a verdict for plaintiff. The trial court denied the motion, thereby ruling that a case had been made on which the plaintiff was entitled to have the finding of the jury. Upon this record, the court instructed the jury that, to entitle plaintiff to recover damages, he must establish, by a preponderance of the evidence:

"(1) That some two or more of the defendants entered into a conspiracy to injure him by assaulting his person or trespassing upon or injuring his property; and (2) that, in pursuance of such conspiracy, some one or more of the defendants did make an assault upon plaintiff, or did willfully trespass upon or injure his property by injuring or destroying his shrubbery or putting paint upon his house."

This proposition was repeated in different forms, making it plain to the jury that, even though plaintiff had proved an actual assault upon him or actual trespass upon his property, and had also proved that defendants, or some of them, had actually taken part in such assault or trespass, yet there could be no recovery unless he also proved, by preponderance of the evidence, that such wrongs had been committed in pursuance of a previously formed conspiracy for the purpose.

Is that the law? If it be the law, the ruling should be af-

firmed. If it be not the law, it should be reversed. To answer that question requires no examination or inquiry into the record, except the simple statement of the nature of the issues joined by the pleadings, and no digging into the books or precedents beyond the development of the settled rule applicable to actions for damages for torts of the character charged in the petition. Briefly stated, it is settled beyond all reasonable dispute that, when a plaintiff sues two or more persons for an alleged actionable tort committed pursuant to a conspiracy, the charge of conspiracy is mere inducement and matter of evidence, and, even though plaintiff wholly fail to prove the conspiracy, he is still entitled to recover against any one or more of the individual defendants who are shown to have had a hand in doing the wrong. Indeed, the majority opinion is frank enough to concede this proposition; and yet, while saying that it "has no quarrel with the rule," it proceeds with strange inconsistency to say that there is no error in giving an instruction which not only contradicts it, but states another with which it is impossible to reconcile it. If this holding is to stand, it works a practical overruling of *Young v. Gormley,* 119 Iowa 546, and the score of other cases in which the rule I have stated has been announced and followed. To find justification for that radical departure, the majority lead us off into a discussion of misjoinder of parties and of causes of action, and other alleged features of the evidence, with all of which this court, as an appellate tribunal, has nothing to do. They constitute only a smoke screen, to obscure the simple question: Did the court err in charging the jury that, before plaintiff could be awarded damages against anyone under the allegations of his petition, he must first establish the existence of a conspiracy? If it did not err, then all the courts of last resort in our country have been going wrong for half a century. The precedents are so numerous and the rule so thoroughly settled that it would savor of folly to attempt their citation.

I do not care to pursue the subject further. I have no opinion to express upon the merits or truth of the charges made by the plaintiff in his petition. Whatever be his merits or demerits, he is entitled to come into court, make his complaint, and have it heard and passed upon according to the usual course of law,

and have the issues submitted to a jury with proper instructions by the court. That fundamental right he has been denied. No man will be more prompt than the writer to certify unreservedly to the eminent character and ability of the judge who presided at the trial below, or to repel any suggestion of unfairness or prejudice on his part. I am, nevertheless, profoundly convinced that he erred radically in the view of the law expressed in the instruction which I have discussed. It must be said, however, that his error is comparatively negligible when compared with those which will be justly chargeable to this court, if it adopts the opinion prepared for it by the majority. I would reverse.