Cook v. Blair.

---

## COOK v. BLAIR.

1. **Evidence: DEPOSITION.** Where a deposition has been taken it may be read on the trial if the witness is not in court, notwithstanding the reason given in the deposition for taking it be not a valid one.

2. ——: **EXAMINATION OF WITNESS.** An objection to a question, which is simply a departure from a previous question, and put to the witness for the purpose of obtaining a modification to the former answer, may properly be sustained.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 10.

THE plaintiff's intestate, Isaac Cook, brought this action to recover for professional services rendered as an attorney at law. The case was referred to a referee, who found that the intestate's services were of the value of four thousand five hundred dollars. The court confirmed the report, and rendered judgment in favor of the intestate for that amount, with interest. The defendant appeals.

*R. H. Gilmore* and *Fouke & Lyon,* for appellant.

*Hubbard, Clark & Deacon,* for appellee.

ADAMS, J.—I. Upon the trial the plaintiff offered in evidence the deposition of N. M. Hubbard. The defendant

1. EVIDENCE: deposition.

objected upon the ground that it did not appear that the witness could not have been present at the trial. The reason given in the deposition for its being taken is that the witness expected to be occupied in the U. S. Circuit Court at Des Moines at the time set for the hearing of this case before the referee. But it appears that the case was not heard at the time set. Whether the reason given in the deposition for taking it was sufficient, we need not determine. No objection appears to have been made to its being

taken. Having been taken, it was entitled to be read, unless the witness was in court. Code, § 3743. We think there was no error in admitting it.

II. I. M. Preston, being examined as an expert in regard to the value of the intestate's services, was asked by defend-
ant, on cross-examination: "Do you take into
*2. ——: examination of witness.* consideration, in giving this answer, that the sum of eleven thousand eight hundred dollars to fourteen thousand eight hundred dollars would be paid back by the county in the event of the failure of the suit?" The plaintiff objected to the question, and the objection was sustained.

The services in question were rendered in defending a tax title to certain lands in Nebraska which the defendant claimed to hold. The defendant's theory was that if his title failed, he would, nevertheless, receive from the county in which the land was situated the amount paid, and a penalty of forty per cent per annum, which was about half as much as the land was worth, and accordingly the real amount involved in the case was about half the value of the land. The question objected to relates to the answer to the previous question. In the previous question the witness was asked to make an estimate upon the supposition that from eight thousand dollars to nine thousand dollars would be paid back. Having answered the question, he was asked if he took into consideration in giving the answer that from eleven thousand eight hundred dollars to fourteen thousand eight hundred dollars would be paid back. We see no reason for asking such a question. It was a departure from the previous question, and yet put to the witness for the sole purpose of obtaining a modification of the answer to that question.

III. The court found, as a fact, that the land in controversy was worth twenty thousand dollars. It is claimed that the finding is not supported by the evidence. The amount of land was nine thousand five hundred acres, and one witness, the county treasurer of the county in which the land

was situated, testified that it was worth from three dollars to three dollars and fifty cents per acre. The finding cannot be disturbed.

IV. It is assigned as error that the court omitted to find that, if the title had failed, the county in which the land was situated would have been compelled to repay the amount paid and forty per cent per annum thereon. But the referee was not specially requested to make such finding, and, in the absence of such request, we do not think it was error to omit it. The referee must be presumed to have taken into consideration whatever evidence there was as to the right to such repayment, so far as it was necessary to do so, in properly weighing the evidence as to the value of the services.

V. It is insisted that the amount allowed is greater than is justified by the evidence, but the evidence is conflicting.

AFFIRMED.