ORLANDO H. PECK and another *vs.* SNOW, CHURCH & CO.

November 25, 1891.

Unimportant exceptions to the exclusion of certain evidence considered.
Evidence *held* to justify the verdict.

Appeal by defendant (a corporation) from an order of the munici-
pal court of Minneapolis, refusing a new trial after verdict of $42.14
for plaintiffs. The action was brought to recover a balance of
$186.95, alleged to have been collected by defendant (a collection
agency) on claims put into its hands by plaintiffs, a partnership. In
its answer the defendant admitted that it had collected $140.93, of
which it had remitted to plaintiffs $39.06, had retained $31 as cost of
collection, and $25 as due it from plaintiffs on a "certificate of sub-
scription" to defendant's agency, and had credited plaintiffs with a
balance of $45.87. As a counterclaim the defendant alleged services
and disbursements to the amount of $52.79 in attempting to collect
other claims for plaintiffs, on which nothing had been realized, and
it asked judgment for $8.43.

*Geo. F. Edwards,* for appellant.

*Samuel L. Baker,* for respondents.

MITCHELL, J. Defendants' first 14 assignments of error are so
clearly without merit as not to require discussion. The letters to
them from their correspondents were, as to plaintiffs, mere hearsay.
The three letters written by defendants to plaintiffs were not mate-
rial or relevant to any issue in the case. If there was any error in
refusing to allow the witness Walsh to answer the question whether
the claim against Lawson could have been collected, it was cured by
the fact that he was subsequently permitted to answer it, and to tes-
tify fully as to all the facts upon which he based his opinion. The
only remaining question is that raised by the fifteenth assignment of
error, viz., that the verdict was not justified by the evidence. It is
impossible to determine just how the jury arrived at the amount of
their verdict. There are several different ways by which they might
have done so, any one of which would have been justified by the

evidence. It will be observed that defendants do not allege, and we do not find any evidence, that they had any contract with plaintiffs as to rates or terms for making collections. They simply allege in their counterclaim that the services were reasonably worth the amounts claimed. Moreover, Exhibit B shows that it was O. H. Peck individually, and not the plaintiffs, who subscribed to defendants' collection agency. It must also be remembered that demands against Peck individually could not be set up as a counterclaim to plaintiffs' demand. Neither do we discover a *scintilla* of competent evidence tending to show that defendants were entitled, in any view of the case, to more than 10 per cent., or $8.90, on the Amsden claim. With these facts in mind, it can hardly be necessary to review the evidence to show that it justified the verdict.

Order affirmed.