# JAMES L. LOVERING v. WEBB PUBLISHING COMPANY.[1]

April 16, 1909.

Nos. 16,151—(119).

**Appealable Order.**

An order striking out a pleading is appealable, though an order denying a motion to strike out is not.

June 18, 1909.

**Motion to Make Pleading Definite.**

In the absence of a statute or a rule of court regulating the procedure, the trial court may, after a pleading has been sustained upon demurrer and before answer has been served entertain a motion to make the same more definite.

**Same—Abuse of Discretion.**

*Held,* respondent was within its strict legal rights in moving for an order to make the complaint more definite, after it has been sustained upon demurrer, and the trial court did not abuse its discretion in entertaining the motion and in directing that the complaint be amended.

Action in the district court for Ramsey county for a complete accounting between plaintiff and defendant, for the purpose of ascertaining the true and accurate number of all copies of the "Mail Order Monthly" printed by defendant between January 1, 1903, and April 1, 1908. After order overruling the demurrer to the complaint was sustained upon the former appeal (106 Minn. 62), defendant moved to make the complaint more definite. From an order, Kelly, J., directing that plaintiff make his amended complaint more definite and certain in the respects stated in the first paragraph of the second opinion, he appealed. A motion to dismiss the appeal was denied. Affirmed.

*William G. White,* for appellant.

*B. H. Schriber* and *W. W. Cutler,* for respondent.

On April 16, 1909, the following opinion was filed:

[1] Reported in 120 N. W. 688; 121 N. W. 911.

PER CURIAM.

On defendant's motion the court below made an order requiring plaintiff to make his complaint more definite and certain in certain respects, and that in default thereof the complaint be stricken out. Plaintiff appealed, and defendant moves to dismiss the appeal, on the ground that the order is not appealable.

The motion is denied. The order is in effect one striking out the complaint, and not only "involving the merits of the action or some part thereof," but also "determines the action, and prevents a judgment from which an appeal might be taken," within the meaning of subdivisions 3 and 5, § 4365, R. L. 1905, and is therefore appealable. Starbuck v. Dunklee, 10 Minn. 136 (168), 88 Am. Dec. 68; Kingsley v. Gilman, 12 Minn. 425 (515); Vermilye v. Vermilye, 32 Minn. 499, 18 N. W. 832, 21 N. W. 736; Floody v. Chicago, St. P., M. & O. Ry. Co., 104 Minn. 132, 116 N. W. 111.

Such an order is entirely different from one denying a motion to strike out. An order of that kind is not appealable. American Book Co. v. Kingdom Pub. Co., 71 Minn. 363, 73 N. W. 1089; State v. O'Brien, 83 Minn. 6, 85 N. W. 1135; Pugh v. Winona & St. P. R. Co., 29 Minn. 390, 13 N. W. 189, was overruled in the O'Brien case, last above cited. That an order striking out a complaint involves the merits of the action, and in effect determines the action, is quite clear. When the complaint is stricken out, the action ends, and no judgment can be entered therein. Hence the only remedy is by appeal from the order striking out.

Motion denied.

On June 18, 1909, the following opinion was filed:

LEWIS, J.

The complaint in this action was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and the order overruling the demurrer was affirmed by this court upon a former appeal. Lovering v. Webb Publishing Co., 106 Minn. 62, 118 N. W. 61. After the cause was remanded, and before answering, defendant gave notice of a motion upon an order to show cause before

the trial court why the complaint should not be made more definite and certain, and at the hearing plaintiff moved to strike the motion papers and order to show cause from the files. The court denied plaintiff's motion, and ordered "that plaintiff make his amended complaint more definite and certain by setting forth therein as follows: The price which he claims he agreed to pay defendant for the publication of the periodicals mentioned in the complaint, and the total amount of money which plaintiff claims to have paid defendant on account of said publication, and the total number of copies of the periodical mentioned in the complaint which plaintiff claims that defendant has published for said plaintiff." The motion was made under section 4144, R. L. 1905, which in part reads: "* * * When a pleading is double, or does not conform to the statute, or when the allegations thereof are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may strike it out on motion, or require it to be amended."

The complaint states that from January 1, 1903, until April 1, 1908, respondent company each month printed and mailed through the United States post-office at St. Paul a certain publication for appellant, "pursuant to a contract duly entered into between the plaintiff and the defendant whereby defendant covenanted, contracted, and agreed with the plaintiff that it would print said monthly publication, and that it would likewise mail and deposit the same and all copies thereof in the United States post-office in said city of St. Paul. In and by said contract the defendant further covenanted and agreed that it would render to the plaintiff monthly invoices showing the true, accurate, and correct number of the copies of said 'Mail Order Monthly' printed and mailed by it during each and every month pursuant to said contract and so long as the same remained in force." The complaint further states that appellant agreed to pay respondent "for the accurate and correct number of copies of said 'Mail Order Monthly' actually printed and mailed by it, the said defendant, while said contract remained in force;" that respondent purported to render statements of the correct number of copies printed and mailed; that appellant relied upon such statements as accurate, believed the same to be true, and paid accordingly the amount purporting to be due,

whereas the correct number of copies printed and mailed by respondent was far less than the number reported, and that appellant paid a large sum in excess of the actual amount due, amounting to at least the sum of $12,000; that appellant did not ascertain the true facts until immediately before the commencement of this action. Appellant prays that the court direct a full and complete accounting, to determine the true and accurate number of all copies actually printed and mailed, and for such other relief as to the court may seem just.

Upon the former appeal this court was of the opinion that the ultimate facts stated were sufficient, as against a demurrer, to constitute a cause of action for money had and received. At the hearing before the trial court respondent produced an agreement, of date February 15, 1908, executed by the parties to this action, in which an indebtedness of $8,000 was acknowledged by appellant to respondent for the publication and mailing of the "Mail Order Monthly" and "Successful Agriculture," and the agreement provided for certain security for the debt. A second agreement was executed on March 16, 1908, between respondent and appellant, and the Successful Agricultural Company, a corporation, which also recognized an indebtedness of $8,000 to respondent from appellant, and provided a method of securing the debt. There was also produced a letter, dated April 17, 1908, written to respondent company by appellant, in which he makes certain propositions for settlement and adjustment. Affidavits, executed by Mr. Webb, president of respondent company, and by his counsel, were read, which stated that they had no knowledge of any contract under which appellant claims to recover, and that they do not understand the nature of his cause of action. The affidavits admit that respondent company did, for a number of years, publish and mail the publication mentioned, and claim an indebtedness therefor of $8,000.

Upon the showing made the trial court was within the bounds of reasonable discretion in requiring the complaint to be amended in the particulars specified. As the complaint stands, no particular contract is specified, and the terms thereof are in no manner referred to. Appellant rests upon a sweeping allegation that for about five years the parties were transacting business under a contract which must have covered the subject-matter, viz., the number of publications

which the company was to print and mail and the price. The burden is upon appellant to prove his case, and in order to make out a cause of action for substantial damages it would be incumbent upon him at the trial to prove what the contract was, in what manner it had been violated, and to what extent he had been damaged.

It is no hardship to require appellant to notify respondent by a proper pleading, so that he may prepare a proper answer and be ready to meet the facts at the trial. Such an amendment does not require the pleading of evidence, but simply to state the facts upon which appellant must necessarily rely to recover, and which are necessary for respondent to prepare its defense. Subdivision 2, § 4127, R. L. 1905, requires that the complaint shall contain a plain and concise statement of facts. This is not necessarily limited to a statement of meager ultimate facts, which might enable the plaintiff to recover nominal damages, but means such a comprehensive statement of the facts constituting the cause of action upon which the pleader expects to recover as will enable the defense to comprehend the nature of the cause of action. It appears from this complaint that these parties had dealings running over a number of years, involving thousands of dollars, and in reference to which appellant claims to have overpaid the amount of $12,000, and yet the complaint is silent as to the contract, the amount of the publication, the price to be paid, and the various subjects upon which he must inevitably rely at the trial.

By demurring respondent did not waive its right to proceed under section 4144. When a complaint is so drawn that it is fairly open to demurrer, and also to a motion to make the same more definite and certain in its terms, it may not be an easy matter to determine which course should take precedence. The two methods of attack are not inconsistent. A ruling upon the issue raised by demurrer does not necessarily determine that the pleading is invincible as against a motion; and, vice versa, a pleading may be sufficient as against a motion to make more definite and yet not state a cause of action. There is no statute, nor rule of court, regulating the procedure in such cases, and the proper order rests very largely in the discretion of the trial court. We find no abuse of discretion in this instance, and the order of the trial court is affirmed.

Affirmed.