## Z. T MOORE v. ISAAC FRYMAN and MARY FRYMAN, Appellants.

**Torts:** JOINT LIABILITY: PROOF OF CONSPIRACY. Joint liability for the
1    commission of a tort exists where there was a concert of action and a common intent and purpose; and there may be such a concurrent action and cooperation without proof of conspiracy. Thus where the local agent of a land company and a third person, in promoting the interests of the company, acted together in inducing plaintiff to make a trip to investigate the lands, and both accompanied him and made false representations which induced a contract of purchase, they were jointly liable for the fraud.

**Same:** SUBMISSION OF ISSUES. Under allegations of a joint tort and
2    practically conclusive evidence that the wrongdoers acted together, and the jury specially found that the wrong complained of was committed, any error in failing to submit the question of joint liability, rather than in directing a finding against the wrongdoers, was not prejudicial.

**Same:** EVIDENCE: STATEMENTS BY ONE OF DEFENDANTS. The statements
3    of one defendant charged jointly with a tort, though made in the absence of the other, are admissible against him, over the general objection that the statements were not made when they were together. And where as in this case there was sufficient evidence of a combination to induce plaintiff to make the contract, the statements of both defendants, made separately and prior to consummation of the contract, were admissible as against both, whether the action was based upon conspiracy or not.

**Instructions:** VERDICT. Where the court submitted two forms of
4    verdict appropriate for each of the two counts of the petition, and the jury found for plaintiff on the first count, which neces-

sarily involved a finding on the other, any error in the instruction relating to the second count was immaterial.

**Jurors:** QUALIFICATION. The fact that a juror had an opinion concerning the case, which he said it would take evidence to overcome, but testified that he could try the case on the law and the evidence outside of his opinion, did not show an unqualified opinion requiring the court to sustain the challenge.

**Evidence:** OPINIONS. The attorney for a receiver who has examined the books of a company may testify directly to its solvency or insolvency.

**Same:** DEPOSITIONS: ADMISSIBILITY. Where a deposition taken in a foreign state fairly showed on its face that the witness was a nonresident, though not specifically so stating, the court was warranted in finding that the witness was beyond the reach of process, and the same was admissible. Besides as it was taken on proper notice and without objection it was entitled to be read on the trial, where the witness was not present in court.

**Same:** ADMISSIONS. In an action against joint wrongdoers for false representations while acting together, the admissions of either are admissible against the other.

**Verdict:** CONCLUSIVENESS. Where there is substantial evidence to support a verdict it will not be disturbed on appeal.

**Damages:** RECOVERY OF INTEREST. Where one is entitled to recover the amount paid on a contract induced by false representations he is entitled to interest from the date of such payment; and upon omission to instruct on the subject of interest the court may add it to the amount of the verdict.

*Appeal from Jefferson District Court.*—HON. D. M. ANDERSON, Judge.

TUESDAY, FEBRUARY 13, 1912.

THE facts are stated in the opinion.—*Modified and affirmed.*

*J. P. Starr* and *E. F. Simmons,* for appellants.

*Crail & Crail,* for appellee.

SHERWIN, J.—This action was brought to recover against the defendants jointly for fraud and false representations, inducing the plaintiff to enter into a contract for the purchase of a section of Texas land, and on an oral guaranty of the defendants. There was a trial to a jury and a verdict and judgment for the plaintiff for a part of his demand. Both parties appeal, but the defendants will be designated herein as the appellants. The defendants are brother and sister, living together, and at the time of the transactions involved herein Isaac Fryman was an agent of the International Land Company, a company engaged in buying and selling Texas land, with its headquarters then at Davenport, Iowa. Through the influence of these defendants, the plaintiff in July, 1907, was induced to accompany them and other representatives of the land company to Texas on a land seekers' excursion conducted by the land company, and while there the plaintiff entered into a contract with the land company, agreeing to purchase a section of land, and to pay therefor the sum of $9,636.99, and the land company and M. Harrah, who seems to have been the principal part of said company, agreed to buy back the same land at an advance of $2 per acre. The plaintiff paid $4,818.49 on this contract. The land company never owned the land in question, nor was it ever able to convey the same or cause the same to be conveyed to the plaintiff. Both the land company and M. Harrah were practically insolvent when the contract with the plaintiff was made, and a few months thereafter it went into the hands of a receiver because of insolvency. The plaintiff obtained a judgment against the land company for the amount paid to it on the purchase price of the land in question, but nothing could be collected thereon. This action was afterwards brought; the plaintiff alleging in the first count of his petition that he had been induced to enter into the contract and pay the money on the purchase price of the land by the false

representations of the defendants as to the financial responsibility and honesty of the land company and M. Harrah, and alleging in the second count of his petition that the defendants had orally guaranteed the performance of the contract on the part of the company.

I. No allegation of conspiracy was made in the first count of the petition, and the appellants contend that there was a misjoinder of parties and of causes of action because thereof. It is urged that in an action for deceit and false representations against several there can be no joint recovery in the absence of an allegation of conspiracy. It is undoubtedly true that a joint recovery can not be had against tort-feasors, where there is no concert of action or common intent, and their acts are separate as to time and place. But the rule is also well settled that joint liability does exist where the wrong is done by concert of action and common intent and purpose, and that there may be such concurrent action and cooperation as will create joint liability without proof of a conspiracy. *La France v. Krayer et al.,* 42 Iowa, 143; *Young v. Gormley,* 119 Iowa, 546; *Aughey v. Windrem,* 137 Iowa, 315; *Hinkley v. Oil & Pipe Line Co.,* 132 Iowa, 396.

1. TORTS: joint liability: proof of conspiracy.

Isaac Fryman was the local agent of the land company, and it is shown that Mary Fryman assisted him in promoting the interests of the company. They together induced the plaintiff to make the trip to Texas, and they both went with him. The representations, relied upon to sustain the allegations of the first count of the petition, were made by both when they were together and engaged in the same common purpose, and they are both, therefore, brought within the rule of the cited cases, and are jointly liable in this action.

And in this connection we may notice the appellants' point that the question of joint liability should have been submitted to the jury, whereas the court told the jury

that, if it found in favor of the plaintiff on the first count

**2. SAME: submission of issues.**

of the petition, there should be a finding against both defendants. We think the instruction not prejudicial to the appellants for the reason that a joint tort was alleged. The evidence is practically conclusive that whatever was said relative to the financial responsibility and honesty of the land company and M. Harrah was said by both of the defendants when they were together. And the jury specially found that both defendants made the false representations alleged.

The court permitted the plaintiff to prove some statements made by the defendants when they were not to-

**3. SAME: evidence: statements by one of defendants.**

gether, and this is complained of. This evidence was competent, at least against the defendant making the statement, and hence the general objection thereto was properly overruled. *Boddy v. Conover*, 126 Iowa, 31.

We also think the statements made by both defendants separately after they started for Texas and before the plaintiff made the contract were competent against both, for the reason that there was sufficient evidence to show a combination for the purpose of inducing the plaintiff to purchase, and in such event it was proper evidence whether the action was based on a conspiracy or not. If it was a fact that there was a conspiracy to wrong the plaintiff, and this was sufficiently shown to admit the declarations of both in furtherance thereof, we think the testimony competent.

II. The trial court instructed the jury that if it found against the defendants on the count of the petition alleging false representations—that is, on the first count

**4. INSTRUCTIONS: verdict.**

thereof—it should allow the plaintiff the amount paid on the purchase price, which under the undisputed evidence was $4,818.49. The jury was further told that if it found for the plaintiff on the

second count of the petition—that is, on the count alleging a guaranty—the amount to be allowed the plaintiff was the sum of $4,818.49, with the additional sum of $2 per acre for the number of acres contained in the section of land contracted for, with interest on the whole sum so found at six percent. The jury was further so directed that a finding on count two would, in any event, be for a much larger sum than $4,818.49. The court submitted forms of verdict for each count, and told the jury that, if it found for the plaintiff on the first count, it should return a verdict for $4,818.49. The jury found for the plaintiff on count one alone, and necessarily found for the defendant on count two, although no special finding was made. Alleged errors concerning said count alone need not therefore be considered.

III. A juror called into the box said that he had formed an opinion as to the merits of the case, based on what he had heard parties, other than those connected with this suit, say. He also said that he thought it would take some evidence to remove "that impression." and that he could not start into the trial of the case "without a feeling one way or the other in regard to the case." Upon the defendants' challenge, the following questions were asked by the court and answered in form as given by the juror, whereupon the challenge was overruled: "By the court: Do you say you have some opinion? A. Yes, sir. Q. You think you can not lay aside that opinion you have, and try the case solely on the evidence? A. As I say, I think it would take some evidence to remove the opinion I have. I think I could try this case on the law and the evidence, but I have this opinion now. Q. How long have you had this opinion? A. I suppose pretty nearly a year. I heard about the case when it first came up. Q. Is it an opinion made up from a conversation that you heard about the case from persons on the street? A. Yes, sir. Q. Has any one ever

*5. JURORS: qualification.*

talked to you that pretended to know all the facts in the case? A. I don't know just how much they knew, but they told me as if they knew about the case. They told me of the transactions, and I judged from that. Q. Do you have any doubt at all but what you could try this case on the law and the evidence outside of this opinion? A. No, sir. Q. You have no doubt but what you can and would render a fair verdict on the evidence? A. No, sir." The examination did not show that the juror had formed an unqualified opinion, and under the rule announced in *State v. Ralston,* 139 Iowa, 44; *State v. Hassan,* 149 Iowa, 518, and other cases, there was no abuse of discretion or error in overruling the challenge.

IV. A witness testified that as attorney for the receiver he had examined the books of the land company for the purpose of ascertaining whether the company was solvent, and that it was insolvent. The testimony was competent. *State v. Cadwell,* 79 Iowa, 432; *Lacy v. County,* 106 Iowa, 16; *Campbell v. Park,* 128 Iowa, 181.

6. EVIDENCE: opinions.

V. Complaint is made because a deposition taken in another state was used; the specific objection being that it did not show that the witness was a nonresident of the state. As a matter of fact, the witness was a nonresident of the state, and his deposition fairly shows that fact, although it is not specifically so stated therein. The deposition was taken in Oklahoma and filed only a short time before it was used on the trial, and the court might well find therefrom that the witness was beyond the reach of its process. Moreover, the deposition having been taken on proper notice without objection, it was entitled to be read, unless the witness was in court. Code, section 4709. *Cook v. Blair,* 50 Iowa, 128.

7. SAME: depositions: admissibility.

VI. This witness testified as to conversation between the plaintiff and both defendants, alleged to have been

had during the summer of 1907 while he was in the em-
**8. Same: admissions.** ploy of the defendants in the same land
business, and also to statements in the na-
ture of admissions made by both some time thereafter.
Admissions are admissible whenever made, and we find
nothing in the testimony inadmissible against both of
these defendants. Some other alleged errors are com-
plained of, but they are not of sufficient importance to re-
quire specific treatment.

Finally, the appellants say that the verdict was the
result of prejudice, and that it is not sustained by the
evidence. There is a sharp conflict between the testimony
**9. Verdict: conclusiveness.** of the appellants and that of the plaintiff
and his wife and one of his other witnesses,
but the truth of the matter was a question for the jury.
If it believed the testimony offered by the plaintiff, it
could not well have reached a different conclusion. And
the testimony of himself and wife is corroborated to some
extent, at least, by the defendants, and by circumstances
appearing in evidence. The verdict could not be disturbed
without overruling a long line of cases holding that, where
there is substantial evidence supporting a verdict, this
court can not interfere.

The appellee appealed from the order refusing him
interest on the amount paid on his contract. This money
was paid July 6, 1907, and the court correctly directed
the jury that the amount so paid measured
**10. Damages: recovery of interest.** the defendants' liability, if liable at all.
While the plaintiff's claim comes under the
head of unliquidated damages, it is the rule in this state
that where the damage is certain and fixed by law, and
the time of the completed injury is definitely shown, in-
terest may be allowed, and further, that, where the court
fails to instruct on the question, he may add it himself.
*Collins v. Coal Co.,* 140 Iowa, 114; *Black v. Railway Co.,*
122 Iowa, 32. We reach the conclusion that the plaintiff

is entitled to interest on $4,818.49 from July 6, 1907, at the rate of six percent per annum, and that the judgment should be modified in that respect. Plaintiff may make the computation and have judgment in this court for the full amount of the original sum and interest, if he shall so elect; otherwise the case will go back to the district court for judgment in conformity to this opinion. Appellants' motion to strike parts of the appellee's additional abstract is sustained. Before saying the final word here, we wish to call counsels' attention to the fact that neither abstract was prepared as required by the rules, and that the failure to number the lines and to properly index them has made us a great deal of additional work. Neither are the briefs prepared as by rule provided.

The judgment is *modified* and *affirmed.*