## CYRUS WADE AND ANOTHER v. CITIZENS STATE BANK OF ST. PAUL AND ANOTHER.[1]

February 15, 1924.

No. 23,764.

**Complaint not demurrable on ground of pendency of another action.**

1. An action to have contract and other papers declared a mortgage and for the foreclosure of such mortgage, but judgment stayed awaiting the outcome of another action for personal judgment on notes secured by such mortgage, so that the amount thereof may be impressed as a lien upon the mortgaged property, is not subject to demurrer on the ground that another action is pending between the same parties for the same cause; and it is *held* that the nature of the two actions is essentially different though they relate to the same subject matter.

**Concurrent remedies open to mortgagee.**

2. Mortgagee may resort to both or either of his concurrent remedies.

[1]Reported in 197 N. W. 277.

**Right of husband's creditors to wife's inchoate interest in his property.**

3. A wife's inchoate interest in her husband's property cannot be subjected to the husband's indebtedness beyond the amount to which she joins in the mortgage, although it may be reached by execution or judicial sale.

**When joint demurrer must be overruled.**

4. Where persons join in a demurrer it must be overruled if the pleading against which it is directed is good as to one of the persons.

**Order not appealable.**

5. An order denying a motion to strike is not appealable.

Action in the district court for Wright county to restrain defendants from disposing of certain lands and from interfering with plaintiffs' possession thereof and for other relief. From orders sustaining plaintiffs' demurrer to a portion of defendants' amended answer and denying defendants' motion to strike out paragraphs 2, 3 and 4 of the reply, the Citizens State Bank of St. Paul appealed. Dismissed.

*Frankel & Harvey*, for appellant.

*Thomas C. Daggett*, for respondents.

WILSON, C. J.

The complaint says that in 1919 Cyrus Wade entered into a contract with one Jester to buy certain real estate in Wright county, and that on July 10, 1920, a part of the purchase price remaining unpaid, the defendant made plaintiffs a usurious loan in connection with which they gave defendant three notes for $1,500 each, to secure which certain collateral was given.

Defendant's amended answer denies usury and alleges its version of its business relation with the plaintiffs. It claims, among other things, that it made a loan of $4,500 to Cyrus Wade and that as security plaintiffs turned over by proper assignment a contract for deed on some Wright county land and that the defendant bank thereafter procured a deed, which was made for Mr. Wade, from the vendor and grantee in blank and that, with the approval and consent of Wade, the name of defendant John M. Hanson was

inserted as grantee to hold the property for defendant bank. It also claims that the contract for deed and the deed were merely to secure the loan.

The answer denies plaintiffs' claims, and it then alleges a counterclaim in which it seeks to have the deed to Hanson and other papers declared a mortgage for the benefit of defendant bank. In this connection the answer alleges that two of the $1,500 notes contain this language, to-wit:

"I have transferred and delivered to said Citizens State Bank of St. Paul, as collateral security for the payment of the above note and of any other liabilities, either direct or contingent, of the undersigned to said bank or legal holder and owner of said note, due or to become due or that may hereafter be contracted for, the following property, viz., chattel mortgage dated July 10, 1920, for $4,500.00 and contract for deed July 7, 1920, for $26,000.00,"

The answer also alleges:·

"That Daniel D. Clark, President of the defendant bank, has assigned to it all notes of Cyrus Wade, which he had heretofore held personally, and the aforesaid bank, in addition to notes amounting to the sum of forty-five hundred ($4,500.00) dollars, hold notes of Cyrus Wade in the following sums and amounts:     Note dated December 11, 1919, for eighteen hundred ($1,800.00) dollars; note of December 11, 1919, for twelve hundred and seventy ($1,270.00) dollars; note of December 11, 1919, for four hundred ($400.00) dollars; note of December 12, 1919, for one hundred ($100.00) dollars; note of May 1st, 1920, for three hundred and twenty-five ($325.00) dollars; note of June 25, 1920, for one hundred ($100.00) dollars; note of February 25th, 1921, for five hundred ($500.00) dollars and note of April 13th, 1921, for one hundred and fifty ($150.00) dollars, and that said assignment also includes the amount of two hundred forty-six and 36/100 ($246.36) dollars, which Daniel D. Clark, President of the defendant bank, paid as above recited in the answer."

The answer prays for an accounting, a stay awaiting the outcome of the other action involving the validity of the Clark notes,

that the assignment of contract and deed and other papers be declared a mortgage and foreclosed and for other relief.

Paragraph V of plaintiffs' reply to said amended answer is as follows:

"Further replying and with reference to the matter set forth in said amended answer concerning

| | | | |
|---|---|---|---|
| "Note of December | 11, 1919 for | $1,800.00 | |
| "Note of December | 11, 1919 for | 1,270.00 | |
| "Note of December | 11, 1919 for | 400.00 | |
| "Note of December | 12, 1919 for | 100.00 | |
| "Note of May | 1, 1920 for | 325.00 | |
| "Note of June | 25, 1920 for | 100.00 | |
| "Note of February | 25, 1921 for | 500.00 | |
| "Note of April | 13, 1921 for | 150.00 | |

these plaintiffs demur on the grounds that the amended answer with reference to said matters does not state facts sufficient to constitute a defense or a counter-claim, and on the further ground that another action is pending between the same parties involving the right of the defendant Citizens State Bank to recover on said notes."

The trial court sustained this demurrer and defendant has appealed.

One ground of demurrer is that there is another action pending between the same parties for the same cause of action evidenced by the eight notes. The answer says that an action is pending on these notes and asks that judgment in this action be suspended or stayed until the determination is had as to the validity of these obligations. Such a stay has had judicial approval. 1 C. J. p. 53, § 58, 1 C. J. p. 45; Bergman v. Fortescue, 74 N. J. Eq. 266, 69 Atl. 474; Kuhnen v. Parker, 56 N. J. Eq. 286, 38 Atl. 641. The other action seeks judgment on these notes; this action does not seek that relief, but seeks to impress upon the real estate involved as a part of a mortgage lien the amount of the judgment which defendant hopes to obtain in the other action. The nature of the two actions is essentially different though they relate to the same subject matter. A judgment in favor of the defendant in the former action would not be a bar to a judgment in defendant's favor in this action.

The mortgagee may resort to both or either of his concurrent remedies, viz., seek personal judgment or resort to the security. Winne v. Lahart, 155 Minn. 307, 193 N. W. 587. Under such circumstances, the former action is not a bar to this action. Colby v. Street, 146 Minn. 290, 178 N. W. 599. This ground for demurrer is without merit. Plaintiff adopted the old method of seeking judgment in a court of law, and seeking to reach the security in a court of equity. It would seem a better practice for a plaintiff in such a case to seek his full relief in one action.

The demurrer further challenges the answer on the ground that, as to these particular eight notes, it does not state facts sufficient to constitute a counterclaim.

The respondent points to the fact that these eight notes are signed by Mr. Wade and not by his wife, Dora Wade, and properly says that the court cannot impress upon her interest in the land in question the individual obligations of Mr. Wade. Her interest in this land is only an inchoate interest. Her interest cannot be affected by any judgment of foreclosure rendered in favor of the bank upon these eight notes nor by any mortgage lien that might be impressed upon this real estate by virtue thereof, and the trial court would protect her rights in the entry of any judgment, although her interest may be lost, not by virtue of the mortgage lien, but by execution or judicial sale. Section 7238, G. S. 1913. Ordinarily, where two plaintiffs sue one defendant on a joint claim, the defendant cannot set up, as a counterclaim, a demand against one of the plaintiffs. Birdsall v. Fischer, 17 Minn. 76 (100); Peck v. Snow,' 47 Minn. 398, 50 N. W. 470; Noyes v. Ostrom, 113 Minn. 111, 129 N. W. 142. But in the present case Mrs. Wade, aside from asking to cancel the three $1,500 notes, is a party merely because she is the wife, and because she is the wife she is a necessary party to the action set forth in the counterclaim to foreclose a mortgage which she has signed on her husband's property. Under such circumstances, we think the ordinary rule does not apply and that the answer alleges facts sufficient to constitute a counterclaim against the plaintiff Cyrus Wade. This action, limited to the eight notes, does not involve either a personal claim against Dora Wade or a

claim against her individual property. In substance, it is an action between the husband and the bank. Her contract does not reach these obligations, and the court cannot increase the mortgage indebtedness beyond the amount to which she has consented. If the bank succeeds in its counterclaim, it will foreclose its mortgage insofar as these eight notes are concerned, subject to the rights of Dora Wade as the wife of Cyrus Wade. Neither would the chattel mortgage on the household goods be available for the payment of these eight notes.

The plaintiffs join in the demurrer and since the pleading is good as to Cyrus Wade, the joint demurrer should have been overruled. 2 Dunnell, Minn. Dig. § 7545. The order of the trial court sustaining the demurrer is reversed.

Defendant has appealed from the order of the court denying its motion to strike paragraphs 2, 3 and 4 of the reply. This is not an appealable order. Lovering v. Webb Publishing Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911. The appeal from this order is dismissed.