# JOHN SIMOS AND ANOTHER v. A. B. CLARK.[1]

July 16, 1926.

No. 25,560.

**Error to strike out of complaint in fraud the part supporting such cause of action.**
1. Complaint construed as stating a cause of action for fraud.

An order granting a motion to strike that part of the complaint supporting such cause of action and letting it stand as embracing only a cause of action for money had and received, which was a mere incident to the cause of action for fraud, was error.

**Order appealable.**
2. Such an order is appealable.

Appeal and Error, 3 C. J. p. 489 n. 35.
Fraud, 27 C. J. p. 29 n. 63.
Pleading, 31 Cyc. p. 639 n. 12.

In an action in the district court for Hennepin county plaintiffs appealed from an order, Salmon, J., striking out certain portions of the complaint. Reversed.

*Peter E. Kamuchey* and *George G. Chapin,* for appellants.
*W. T. Coe* and *John E. Palmer,* for respondent.

WILSON, C. J.
Appeal from an order striking out portions of the complaint.

The complaint alleges: On October 12, 1920, defendant owned a building in Fairmont which he desired to rent as a restaurant. The building was occupied by Cheney Brothers. In order to induce plaintiffs to take a lease of the building defendant stated that Cheney Brothers were occupying it temporarily and had no right to hold it longer than December 1, 1920; that their lease had been forfeited and determined and that possession would be surrendered on or before December 1, 1920, and that he could and would give

[1]Reported in 209 N. W. 904.

possession to plaintiffs on that date. Such representations were false. Cheney Brothers had a valid and subsisting lease under which they had a right to continue in possession after December, 1920. Defendant knew his statements were false but plaintiffs did not and relying thereon took a lease for five years but the date from which the term was to begin was a blank. The complaint further alleges that plaintiffs paid defendant $270 for two months' rent; viz., for December, 1920, and January, 1921, which defendant retained. Subsequent to the signing of the lease defendant was informed by plaintiffs that their families were residing in Chicago and that they would bring them to Fairmont, which they did. They bought furniture and equipment for their proposed business at an expense of $5,000 upon which they paid $500. The terms of the lease required plaintiffs to place in the building equipment worth not less than $4,000. On December 1, 1920, plaintiffs were ready and able to open the restaurant but defendant refused to deliver possession, thereby causing plaintiffs to forfeit the $500 paid. Plaintiffs also suffered a loss in moving their families and lost valuable time.

It is further alleged that on December 2, 1920, defendant asked plaintiffs to remain in Fairmont and keep their families there and that he would in a short time deliver possession of the premises to them. Relying thereon they remained with their families in Fairmont until February 20, 1921, at great expense. During this period they lost valuable time. Because of all such things plaintiffs suffered damages in the sum of $15,000.

1. Respondent's position on the motion to strike all matter as to fraud from the complaint was, and in this court is, that the complaint states a cause of action only for the recovery of $270 as money had and received. The trial court followed this contention which we think was error.

The complaint rests on tort and not breach of contract. No effort is made to recover for the violation of the contractual rights, if any, resulting from the written lease. It charges fraud based on representations of existing facts. Plaintiffs believed and relied thereon

to their loss. Defendant had knowledge of their reliance and actions. Such conduct of defendant violated his duty towards plaintiffs. It was actionable negligence. Defendant should respond in damages proximately resulting therefrom. The written lease was merely an instrumentality used in doing the wrong. The theory that the action was merely to recover for money had and received is erroneous. The motion to strike should have been denied.

2. The effect of the order was to destroy the cause of action based upon fraud. It limited recovery to a cause of action for money had and received which on plaintiffs' theory was a mere incident to the cause of action for fraud. Such an order is appealable. Lovering v. Webb Pub. Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911; Baer v. Waseca Milling Co. 143 Minn. 483, 171 N. W. 767, 173 N. W. 401. A denial of such motion is not appealable. Wade v. Citizens State Bank, 158 Minn. 231, 197 N. W. 277.

Reversed.