KUZMA MATESIC v. MIKE MARAS AND OTHERS.[1]

April 19, 1929.

No. 27,142.

[1]Reported in 225 N. W. 84.

*Gannon & Strizich,* for appellant.

*Victor H. Johnson* and *Lewis, Hunt & Palmer,* for respondent.

HILTON, J.

Appeal by defendant Maras from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial. Plaintiff had a verdict against him for $6,968.33. Jurisdiction was not obtained over the other two defendants. The action was brought to recover $5,000 and interest thereon, the complaint charging defendants with conversion of the principal sum by the carrying out of a conspiracy to secure possession thereof by means of artifice, trick and device; certain details in regard thereto are later recited.

A demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, the claim being that a cause of action for fraud or conspiracy was not stated. The court overruled the demurrer stating that the complaint was sufficient for an action in conversion. The court, by an order, denied a motion to strike out certain portions of the complaint. This was not an appealable order. Simos v. Clark, 168 Minn. 277, 209 N. W. 904. Inasmuch as this is an appeal from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial and not an appeal from a judgment, the action of the court in overruling the demurrer and in denying the motion to strike is not here reviewable. Defendant asked for and secured an extension of time for answering; answered by general denial; proceeded to trial without objecting to the introduction of testimony on the ground on which the demurrer was based, and did not move to dismiss on that ground at the close of plaintiff's case. He did not move to dismiss on the ground that the evidence failed to establish any charge of conversion against the defendant. The complaint did state a cause of action in conversion in which the three defendants were alleged to have participated—a joint con-

version. The theory advanced by plaintiff was that the conversion was a joint affair of all three defendants, acting in concert; the court rightly permitted proof thereon. Hamilton v. McIndoo, 81 Minn. 324, 84 N. W. 118; Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523; Wolfe v. Mayer Bros. 171 Minn. 98, 213 N. W. 549; 5 Dunnell, Minn. Dig. (2 ed.) §§ 7561a, 7562; compare Johnson v. Maryland Cas. Co. 177 Minn. 103, 224 N. W. 700.

The complaint was not read to the jury. Defendant was not prejudiced by the opening statements of plaintiff's attorney to the jury. They were in accord with the theory on which the case was tried and only outlined what was intended to be and was later proved.

■ The transaction complained of was a conversion accomplished by the carrying out of a scheme by the three defendants whereby plaintiff was induced to withdraw $5,000 in cash from his bank, meet the defendants in a room in a hotel operated by Maras, and place the money in a box with other money placed therein by defendants Opatich and John Doe, a stranger. The box, after being locked, was handed to plaintiff, the key being kept by the stranger. The lure for plaintiff to do as he did was that the stranger would give the large sum of money placed in the box by him (a donation from a reputed rich uncle) to a church at Chisholm on the following day (Sunday) and the money deposited by plaintiff was as an evidence of reliability and good faith and would be returned to him at the time the other money was given to the church. Plaintiff could not find the stranger or Opatich the next day, and when he opened the box there was no money in it. The box had been changed for another or the money had been taken from it at the room in Maras' hotel while the stranger was affectionately embracing plaintiff at which time Maras disappeared from the room.

Error is assigned because the court permitted testimony as to occurrences prior to the transaction in the hotel room; they included conversations and acts of the different parties, some not in the presence of Maras. All had intimately to do with the carrying out of the fraudulent scheme and the conversion of the money.

They were a part of the res gestae and not objectionable as hearsay. The three defendants were joint tortfeasors, and the acts and statements of one at and prior to the time of the conversion were here admissible on the same principle and with the same limitations as are those of conspirators. The order of evidence was within the court's discretion. Wigmore, Ev. (2 ed.) §§ 1079, 1766-1773; 2 Dunnell, Minn. Dig. (2 ed.) § 3411a; Robyn v. White, 153 Minn. 76, 189 N. W. 577; St. Paul Distilling Co. v. Pratt, 45 Minn. 215, 47 N. W. 789; Nicolay v. Mallery, 62 Minn. 119, 64 N. W. 108; Kefuss v. Whitley, 220 Mich. 67, 189 N. W. 76; Moore v. Fryman, 154 Iowa, 534, 134 N. W. 534; Farley v. Peebles, 50 Neb. 723, 70 N. W. 231; 5 R. C. L. p. 1103, § 53; 10 R. C. L. p. 974, § 157, et seq; 22 C. J. 398. The contra cases cited by defendant are clearly distinguishable from this one.

■ A thorough examination of the evidence convinces us that the trial court was correct in saying that "the record contains ample evidence to support the verdict." It must therefore stand. There was no reversible error.

Order affirmed.

