## MATTIE ROCKWELL v. CHARLOTTE ROCKWELL.[1]

June 20, 1930.

No. 27,924.

[1]Reported in 231 N. W. 718.

14

 

 

*Wright, Nelson & Plunkett,* for appellant.
*Sasse, French & Dunnette,* for respondent.

HILTON, J.

Defendant appeals from an order denying her alternative motion for judgment notwithstanding the verdict or for a new trial.

This is an action to recover damages for the alienation by defendants of the affections of plaintiff's husband. Plaintiff had a verdict for $2,000.

Defendant contends that the verdict was not justified by the evidence; that it was excessive and given under the influence of passion and prejudice; that improper conduct of plaintiff's counsel prevented a fair and impartial trial; that there were errors in the admission of evidence duly excepted to and specified as such in the motion for a new trial. (No requests were made for instructions to the jury, and but one exception, not important to the decision here, was taken to the charge given.)

Plaintiff, after an acquaintance of 15 years with Ernest Rockwell and a five-year engagement, was married to him in 1925. She was 34 years of age and her husband 49. Ernest is a brother of defendant Charlotte. The action was originally brought against Ernest's mother and Charlotte. The former died before the trial; it proceeded against Charlotte alone.

█ The dispute in the evidence is upon the question of defendant's responsibility for the separation of plaintiff and her husband and for the alienation of his affections for plaintiff. The evidence is conflicting. Defendant's counsel, by a rather full recital of the

evidence in his client's favor and by assuming it to be true and that of the plaintiff false, claims that the verdict was not justified by the evidence. This is not a proper position to take. Without doubt counsel made the most of his client's case and ably presented it to the jury. It was for that body to consider his argument on the facts and not for this court. It is sufficient to say that the jury was warranted in concluding that from the time of the marriage a systematic attempt was made by Charlotte and her mother to alienate the affection of plaintiff's husband for her. This attempt was highly successful. The verdict of the jury had the approval of the trial court; it must stand in the absence of errors occurring at the trial. There is abundant evidence reasonably tending to support it. 1 Dunnell, Minn. Dig. (2 ed.) § 415. It is not necessary for us to review and discuss the evidence to demonstrate the correctness of the verdict. 1 Dunnell, Minn. Dig. (2 ed.) § 415a.

■ We do not consider the verdict in this case excessive. The court correctly charged the jury relative to the law of the case and as to exemplary or punitive damages. It stated that if Charlotte not only alienated the affections of plaintiff's husband, but did so wilfully and maliciously and in wanton disregard of the rights of plaintiff, then the jury had the right to include in the verdict punitive damages as well as damages for her compensation. The charge in this regard was not excepted to. It is of course not known whether the jury allowed punitive damages in addition to compensatory damages. In either event, under the facts as disclosed, the verdict is not excessive.

We have given careful attention to the claimed improper conduct on the part of plaintiff's counsel. We do not find support for that contention. The case was fairly and impartially tried; the rights of both parties were properly protected.

■ While plaintiff's evidence was being introduced, numerous letters that had passed between plaintiff and her husband were properly identified and received in evidence without objection. Later one letter offered was objected to and the suggestion made that, being a letter passing between a husband and wife, a privileged

communication between them, it was not binding on defendant. This was the only time the privilege question was raised. It was not the theory upon which the defendant based her numerous objections to the admission of letters. Even if of any force, it is not available here. 1 Dunnell, Minn. Dig. (2 ed.) § 405. The offerings were then made for the purpose of showing the state of affection between the husband and wife and not as evidence as to any fact question appearing therein. The court reserved its ruling. Later the proffered letters were objected to as incompetent, irrelevant, and immaterial, self-serving declarations and hearsay. Rulings were again reserved.

After plaintiff rested and during the reception of evidence for defendant, Ernest was called as a witness and testified fully, without objection, relative to conversations between himself and his wife. On cross-examination he was sharply examined relative to certain testimony that he had given, which was contradictory to statements made in his letters to her. They were in effect communications between the parties as much as the conversations testified to.

Defendant cited the case of Weber v. Weber, 116 Minn. 494, 134 N. W. 124. That case involved the declaration made by plaintiff to a third person in the hearing of the alienated spouse. The statements of such third person relative thereto were rightly held inadmissible. The doctrine as above stated has no application here. It is to be noted that in the Weber case, 116 Minn. 498, the court said:

"There is abundant authority that declarations of the alienated spouse as to state of feeling toward the other, and even that such state of feeling has been induced by the acts of the wrongdoer, are admissible."

The defendant's brief concedes that the letters from Ernest to plaintiff, under proper circumstances, would be admissible in so far as they showed the state of affection of plaintiff's husband toward her. But it is urged that the letters were improperly received for the purpose of impeaching the testimony of Ernest. That claim, under the state of the record, is without merit. There was

sufficient ground laid for impeachment. There is no doubt but that, all things considered, these letters were properly admitted.

■ Defendant's mother died on February 15, 1929. Defendant testified that her mother was in feeble health for about seven years prior to her death; that during that time defendant did practically all her business for her except the taking care of the farm; and that during the last two years of the mother's life defendant also did that. Within that two-year period (on January 13, 1928) the mother, aided by and at least with the approval of defendant, if not controlled by her, made and executed a deed to a third party. The deed contained the following trust provision:

"My son Ernest E. Rockwell is now married to Mattie Rockwell, and this conveyance to my Trustee is made for the purpose of cutting off the said Mattie Rockwell and depriving her of all or any part of my estate. * * * Provided, however, that if and when my said son Ernest E. Rockwell shall become free from said marriage to said Mattie Rockwell, and shall become released from any and all financial or other obligations to said Mattie Rockwell, his present wife, then my said Trustee shall and he is hereby directed, to convey by good and sufficient deed to the said son Ernest E. Rockwell, the fee in and to the undivided one-half (½) of said property hereby conveyed, and said trust shall then terminate as to said Ernest E. Rockwell, * * *."

It is claimed that it was error to admit this trust deed in evidence. We think it was properly admitted. Taken in connection with other evidence in the case, it was highly important, although perhaps not necessary, to establish a wilful and malicious intent of the mother and daughter to alienate Ernest's affections for plaintiff and to prevent a return thereof.

■ Charlotte and her mother were made defendants in the action; the evidence sufficiently established that they were acting jointly in carrying out the alienation purpose in the manner hereinbefore set forth. They were joint tortfeasors; the acts of one were binding on the other. Robyn v. White, 153 Minn. 76, 189 N. W. 577; Matesic v. Maras, 177 Minn. 240, 225 N. W. 84.

Some reference is made in the briefs to the differentiation generally between the liability of a parent and that of a stranger, or even that of a daughter, in the doing of acts bringing about the alienation of affections. Whatever that difference may ordinarily be, under the facts found here, it is of no moment. The evidence, if believed by the jury, was sufficient to justify a verdict against both the mother and daughter, had the former been alive and the case tried against both. It is claimed, and with much support, that the daughter was responsible for all that was done by both.

From a careful and painstaking consideration of the entire record, we are of the opinion that the verdict was rendered upon sufficient evidence; that no errors of law occurred at the trial; and that the order should be affirmed.

Affirmed.