## CHARLES E. ALLUM AND OTHERS v. FEDERAL CARTRIDGE CORPORATION AND ANOTHER.[1]

February 6, 1948.

No. 34,618.

*Harrison E. Fryberger,* for appellants.

*Henry F. Simons,* for respondents.

[1]Reported in 30 N. W. (2d) 705.

MAGNEY, JUSTICE.

Plaintiffs appeal from an order sustaining a demurrer to their complaint, from an order refusing to strike parts of the order sustaining the demurrer and the memorandum attached thereto, and from an order allowing amended answers.

Defendant Federal Cartridge Corporation, which operated a large manufacturing plant at New Brighton, Minnesota, was engaged in the manufacture of war munitions. Defendant Charles L. Horn was the president of the corporation and the manager of its operations. Plaintiffs, 140 in number, were employed in this plant between March 9, 1942, and January 1, 1946. A tabulation, made part of the complaint, sets out the period during which each plaintiff was so employed and other data. This action is brought to recover overtime compensation claimed by plaintiffs, their claim being based on the provisions of the so-called fair labor standards act of 1938, 29 USCA, §§ 201 to 219. It appears from the complaint that all but three of the plaintiffs had commenced a similar suit in the United States district court for Minnesota. The summons and complaint were served on August 5, 1947. The only allegations pleaded as against defendant Horn are that during all the time mentioned he was a resident of the city of Minneapolis, and upon information and belief that he was the president and general managing agent of the corporate defendant. Allegation is also made that "plaintiffs have recently discovered that the defendant, Charles L. Horn, has completely dominated the defendant, Federal Cartridge Corporation, a corporation, for the fifteen years last past as though it were his own." Defendants filed a joint demurrer setting out as grounds: (1) That, except as to the individual claims of three named plaintiffs, there was another action pending between the defendant corporation and the plaintiffs named for the same causes; (2) that it appeared on the face of the complaint that all claims relating to the period prior to August 5, 1945, which had accrued on or before this date, were barred by the statute of limitations (referring to such statutes) and for that reason the complaint did not state facts sufficient to constitute a cause of action against either of the defend-

ants; and (3) that as to defendant Horn the complaint did not state facts sufficient to constitute a cause of action in favor of any of the plaintiffs.

The court overruled the demurrer as to ground No. 1; sustained it as to ground No. 2, except as to that portion of the complaint which covered the claims of three named plaintiffs which accrued after August 5, 1945; and sustained it as to ground No. 3, with the same exceptions as in the order sustaining the demurrer as to ground No. 2, on the basis that the demurrer was a joint demurrer by both defendants and not a separate one interposed by defendant Horn. The court in its memorandum states:

"* * * According to the clear wording of Minnesota Statutes 1945, Sections 541.01 and 541.07, and the Federal 'portal to portal act' of 1947, being Public Law 49, 80th Congress, approved May 14, 1947, it is perfectly clear from the face of the complaint that the statute of limitations has run against these claims with the exceptions above noted."

Under § 16(b) of the fair labor standards act of 1938 (29 USCA, § 216[b]), each individual has a separate and distinct cause of action, and group actions are authorized. It permits joinder of parties plaintiff and causes of action in order to avoid multiplicity of suits. The authorized group action is not a true "class action."

■ L. 1945, c. 513, § 1, provides in part as follows:

"541.07. The following actions shall be commenced within two years:

\* \* \* \* \*

"(5) For the recovery of wages, overtime, damages, fees or penalties accruing under any federal or state law respecting the payment of wages, overtime, damages, fees or penalties, * * *.

"Sec. 2 [M. S. A. 541.071]. Causes of action accruing prior to the date hereof, and barred by the provisions hereof, shall be commenced within six months after passage of this act, provided that nothing contained herein shall affect any action or suit for the recovery of

wages, overtime, damages, fees or penalties pending at the time of the passage of this act."

Chapter 513 was approved April 23, 1945. This action in the state court was not pending at the time that statute was enacted. Therefore the retroactive provisions of the act have no application.

The Portal-to-Portal Act of 1947, Public Law 49, 80th Congress, approved May 14, 1947 (29 USCA, § 251, *et seq.*), provides in part as follows:

"Sec. 6. **Statute of Limitations.** Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, * * *

\* \* \* \* \*

"(b) if the cause of action accrued prior to the date of the enactment of this Act—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the enactment of this Act unless at the time commenced it is barred by an applicable State statute of limitations."

The face of the complaint herein in the tabulation or schedule made a part thereof shows that all the individual causes of action except three had accrued prior to August 5, 1945. This action was commenced August 5, 1947. These claims are therefore barred by the applicable state statute of limitations above set out. The court was correct when it sustained a demurrer to these claims.

We have set out in full the allegations of the complaint relative to defendant Horn. Clearly, no cause of action was stated in the

complaint as against him, and the court was right in sustaining his demurrer, except as stated in the order.

■ After the court had by its order sustained these demurrers, plaintiffs moved the court to strike the language of its order sustaining the demurrer, as well as a part of its memorandum. The court denied the motion, and plaintiffs appealed from the order. An order refusing to strike allegations in pleadings is not appealable. Lovering v. Webb Publishing Co. 108 Minn. 201, 120 N. W. 688, 121 N. W. 911; Wade v. Citizens State Bank, 158 Minn. 231, 197 N. W. 277; Simos v. Clark, 168 Minn. 277, 209 N. W. 904; Matesic v. Maras, 177 Minn. 240, 225 N. W. 84. Of course, this is not a motion to strike pleadings or parts of pleadings, but a motion to strike a court's order and part of its memorandum. An order denying such a motion is not appealable, and the appeal from this order is dismissed.

■ After the court had sustained the demurrer, defendants, probably inadvertently, served answers to the complaint, in which they also set out the order sustaining the demurrer. Discovering their mistake, each defendant moved the court for permission to file an amended answer traversing only that part of the complaint not taken care of by the demurrer. Plaintiffs objected to the granting of the motion to amend, under the familiar rule that you cannot demur and answer at the same time. Of course, here defendants did not demur and answer at the same time. The demurrer had already been sustained when the answers came along. There was no intention to answer and demur at the same time, and the proposed amended answers were simply intended to remedy a situation caused by their claimed unintended pleading. The court allowed the amended answers. Plaintiffs appeal from this order also. The rule is that an order granting leave to amend an answer is not appealable. Greber v. Harris, 167 Minn. 522, 209 N. W. 30, and cases cited therein. The appeal from this order is therefore dismissed.

Order sustaining demurrer affirmed; appeal from orders denying motion to strike and granting motion to amend answers dismissed.

Mr. Justice Julius J. Olson took no part in the consideration or decision of this case.