## CHARLES E. ALLUM AND OTHERS v. FEDERAL CARTRIDGE CORPORATION AND ANOTHER.[1]

May 28, 1948.

No. 34,724.

---

[1]Reported in 32 N. W. (2d) 589.

See, 225 Minn. 438, 30 N. W. (2d) 705.

*Harrison E. Fryberger,* for relators.

*Henry F. Simons,* for respondents.

Per Curiam.

This court in a decision rendered and filed on February 6, 1948, affirmed the order of the district court sustaining demurrers to the original complaint. Allum v. Federal Cartridge Corp. 225 Minn. 438, 30 N. W. (2d) 705. The remittitur has been returned and filed with the clerk of the district court of Hennepin county. On February 24, 1948, plaintiffs made a motion to the district court of that county for an order allowing and authorizing them to amend their complaint in accordance with the terms of a proposed amended complaint, a copy of which was attached to the notice of motion and served upon defendants herein. On March 22, 1948, the Honorable D. E. LaBelle, judge of said court, denied plaintiffs' motion. On petition of plaintiffs to this court, an alternative writ of mandamus, returnable on April 26, 1948, was allowed commanding the district court of Hennepin county and the Honorable D. E. LaBelle, judge thereof, to set aside and vacate its order of March 22, 1948, denying plaintiffs permission to amend their complaint, or show cause before this court. Petitioners are thus seeking a review of the trial court's order denying their motion for leave to amend.

In 35 Am. Jur., Mandamus, § 277, the general rule is thus stated:

"The exercise of the power to permit amendments to pleadings rests in the sound discretion of the trial court, and as a rule this discretion will not be controlled or disturbed by a higher court, especially where that court's intervention is sought by way of mandamus."

In Desjardins v. Emeralite Surfacing Products Co. 189 Minn. 356, 359, 249 N. W. 576, 577, this court adopted the same rule. In holding

that mandamus is not the proper remedy to review an order of the trial court denying a motion to amend a pleading, it said:

"* * * This motion [motion to amend an answer] likewise was addressed to the sound discretion of the trial court, and what has been said on that question applies. It may be noted also that generally mandamus is not the proper remedy and will not be granted to review or reverse the action of the trial court in granting or refusing to grant a motion to amend a pleading. 38 C. J. pp. 626, 627, § 122, and note 83."

We find nothing in this proceeding which makes the general rule inapplicable.

Peremptory writ denied and order to show cause discharged.

